ANNIE L. MEYER vs. SAINT AUGUSTINE'S CHURCH OF BRIDGEPORT, CONN.

EUGENE I. MEYER vs. SAINT AUGUSTINE'S CHURCH OF BRIDGEPORT, CONN.

Third Judicial District, Bridgeport, April Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued April 16th—decided July 10th, 1929.

*William L. Hadden,* with whom, on the brief, were *David E. FitzGerald* and *Ellsworth B. Foote,* for the appellant (defendant).

*Robert G. DeForest,* for the appellees (plaintiffs).

HINMAN, J. The defendant corporation owns and maintains St. Michael's Cemetery in the town of Stratford; its pastor is the superintendent of the cemetery and has complete control of the operation and maintenance thereof. Only sextons or assistants appointed by him are authorized to open any grave for the purpose of interment. In the cemetery is a driveway, running easterly and westerly, intersected on its southerly side by a footpath eight feet wide. At the northeasterly corner of this driveway and footpath is

located burial plot 116, and the lot next southerly, fronting on the pathway, is lot 117.

On July 29th, 1926, the remains of one Anna Dowling were being interred in a grave in the southeasterly corner of lot 116, adjacent to the line between lots 116 and 117, one of the ends of the grave being near the footpath. In 1918 one Dorothy Seward was buried in a grave, in the corner of lot 117, which was alongside of and in close proximity to that in which the remains of Mrs. Dowling were interred. Prior to the interment of Mrs. Dowling a stone marker had been removed from the Seward grave, leaving a hole a few inches in depth below the surface of the surrounding ground. On each side and lengthwise of the grave in which the remains of Mrs. Dowling were interred was laid a wood plank twelve inches in width and an artificial grass mat was laid over the ground, the edge of which so covered the Seward grave as to conceal from view the cavity left by the removal of the marker.

The plaintiff, Annie L. Meyer, a life-long friend of Mrs. Dowling, attended her funeral and interment, and during the committal services stood eight to twelve feet from the head of the grave, which was the end farthest from the footpath. After the conclusion of the services, she started in the direction of the automobile in which she had ridden to the cemetery and which was then standing, in the line of vehicles on the driveway, some distance westerly of the burial plot. She walked westerly along the southerly side of the Dowling grave and upon the edge of the artificial grass mat, and while she was so doing her foot went into the depression left by the removal of the marker from the Seward grave and descended into the ground nearly the full length of her leg, and she sustained a fracture of her right femur and other injuries.

The trial court held that it was the duty of the defendant to maintain that portion of its cemetery reasonably to be expected to be occupied by attendants at the committal services, in a reasonably safe condition in order to protect from harm those so occupying it in the exercise of reasonable care, and that the proximate cause of the plaintiff's injuries was the negligence of the defendant in permitting the Seward grave to be in the condition above described and in not safeguarding it so as to reasonably protect attendants at the Dowling committal services.

Aside from requested corrections of the finding, which we grant in some minor respects and embody in the foregoing statement of facts found or indicate elsewhere, the reasons of appeal now pursued relate to the ruling and conclusion just stated and the ruling that the plaintiff was free from contributory negligence.

The space covered by the grass mat and within which the hole caused by the removal of the marker was located was so situated that its necessary occupancy by persons attending the committal services was to be expected. As to such space, the defendant owed to the plaintiff and others similarly situated a duty to exercise reasonable care to keep or place it in a reasonably safe condition. *Bunnell* v. *Waterbury Hospital,* 103 Conn. 520, 522, 131 Atl. 501; *Bernier* v. *Woodstock Agricultural Society,* 88 Conn. 558, 564, 92 Atl. 160; *Turgeon* v. *Connecticut Co.,* 84 Conn. 538, 80 Atl. 714. There is a marked distinction between the duty of those in control of a cemetery as to such a situation and that as to persons who are traversing burial plots or other portions of a cemetery, outside of the drives and walks provided, merely as a short-cut from one part to another, or for similar purposes of mere convenience, as in *Barry* v. *Calvary Cemetery Asso.,* 106 Mo. App. 358, 80 S. W. 709; *Mount Greenwood Ceme-*

*tery Asso. v. Hilderbrand,* 126 Ill. App. 399, and *Nesterovich* v. *Mt. Olivet Cemetery,* 208 N. Y. Supp. 609. The principle applied in cases of the latter kind does not avail to relieve the defendant from liability upon the facts of the present case. The trial court was warranted in finding the conditions to be actionable if they were the proximate cause of the plaintiff's injury, and if they were the result of negligence of the defendant.

The depth to which the marker had been set in the ground and of the opening caused by its removal, as indicated by the height of the dirt adhering to the bottom of the marker—a few inches only—is not sufficient to account for the extent to which the plaintiff's foot sank into the ground—the entire length of her leg. The additional depth might have been due to the sinking of earth in the Seward grave, at some distance below the surface of the ground, or to caving of dirt, from under the opening caused by the removal of the marker, into the Dowling grave. However, this opening might be held to be a proximate cause of the plaintiff's injury, since neither she nor any other attendant at the interment, so far as appears, broke through the undisturbed portion of the surface of the Seward grave.

If it were established that the defendant created the condition caused by the removal of the marker and the covering of the opening with the grass mat, and knew or in the exercise of reasonable care ought to have known that the ground under the opening had sunk, or was liable to do so if a person stepped into the opening, or knew or should have known of the existence of such condition, if it was created by others, the defendant would be liable for injuries proximately caused thereby. But, upon the record, the plaintiff's case is deficient in this respect. The finding does not disclose when or by whom the marker was removed or the grass mat spread.

There is nothing to show whether the hole into which the plaintiff's leg descended already existed to the depth to which she sank, or the earth caved only when she stepped into the opening caused by removal of the marker, nor, if the latter were the fact, that the liability to so sink would have been disclosed to the defendant by the exercise of reasonable care on its part. There is no finding as to the length of time the conditions had existed. So far as appears, the marker may have been removed, temporarily and for convenience in connection with the committal services, and the mat spread by the undertaker having charge of the interment, or by some other person not authorized by the defendant, without the latter's knowledge, and so shortly before the injury that there may not be imputed to the defendant that notice of the situation thereby created which is essential in order to hold the defendant liable. *Stedman* v. *O'Neil*, 82 Conn. 199, 72 Atl. 923, 22 L.R.A. (N.S.) 1229; *Reardon* v. *Shimelman*, 102 Conn. 383, 385, 128 Atl. 705; *George* v. *Cypress Hill Cemetery*, 52 N. Y. Supp. 1097, 1099.

The appellant's remaining contention is that the plaintiff failed to prove freedom from contributory negligence. It is undisputed that there were no graves between the Dowling grave and the roadway, to the north, upon which stood the automobiles in which the attendants at the service came and were to leave, nor between the grave and the pathway on the west. The defendant claims that the only reasonably prudent course for the plaintiff to have pursued in leaving the vicinity of the grave was to pass directly to the north across lot 116 to the roadway, and wait there for her automobile to come along or walk upon the driveway to the point where the car then stood. Instead, she started to walk westerly, parallel with the side of the grave, in the direction of the pathway, but had not

reached it when she fell. The trial court was justified in holding that in taking the course she did, at least as far as the pathway, she was in the exercise of reasonable care. We have no occasion to decide whether a like conclusion would have been proper had she continued to and across the pathway and been injured while walking across burial plots and between graves beyond, in a direct line, to where her automobile was standing, a route similar to that which, it appears, she followed in traveling from the automobile to the grave before the service, and which, apparently, she intended to retrace, or whether, in such case, the cases above cited would be applicable, adversely to a recovery. It is also claimed that the plaintiff was negligent in passing too close to the open grave but, as she walked outside of the planks surrounding the grave, and upon the grass matting, it appears that her course is not open to the charge of being negligent, either in passing too near the grave, or too far away from it and outside of the space intended and prepared for the purposes of the committal services.

The foregoing, relating to the case of Annie L. Meyer, is applicable to the appeal from the judgment in favor of her husband, Eugene I. Meyer, for expenses incurred in consequence of his wife's injuries.

There is error in both cases and a new trial is ordered.

In this opinion the other judges concurred.