CAMILLE RICCIO *vs.* THE WATERBURY FOUNDRY COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, JS.

Argued May 1st—decided June 5th, 1934.

*John Prete* and *Bernard Pellegrino,* for the appellant (plaintiff).

*Daniel L. O'Neill* and *Thomas R. Robinson,* for the appellee (defendant).

MALTBIE, C. J.   The automobile collision which gave rise to the present action occurred when a Ford automobile in which the plaintiff was riding came into contact with a car owned by the defendant as they were passing each other.   The Ford car was proceeding in a southerly direction and the defendant's car in a northerly direction.   The highway had a hardened surface twenty feet wide with shoulders from five to seven feet wide.   The trial court concluded that at the time of the collision the Ford car was at least partly in the east lane of the highway, that its driver was negligent in not seeing the defendant's car approaching and in not seasonably turning his car to the westerly side of the highway as it approached and that this negligence was the sole cause of the collision.   If the conclusion as to the position of the car in which the plaintiff was riding at the time of the accident stands, we could not well find error in the other two conclusions of the trial court.

The first conclusion, however, stated by the trial court as such, we can only regard as a deduction from the subordinate facts found.   Only two of these bear upon the question.   One, corrected somewhat in accordance with the undisputed testimony of the witness upon whom the trial court evidently relied in making this portion of the finding, was that glass resulting from the collision was scattered the width of the road, most of the glass being just east of the center; the other was that after the collision the Ford car was resting on its left side on the easterly shoulder of the highway, while the defendant's car was across the road, with its front portion on the westerly lane of the highway and its rear portion on the easterly lane.   This finding is attacked only by a request for an addition, contrary to it, as to the side of the highway on which the Ford car was after the accident.   We are also asked

to add to the finding a statement that the Ford car was proceeding upon its right side of the highway, close to the westerly shoulder of the road, and that the defendant's car, proceeding at a speed of about forty miles an hour, came diagonally across the highway from its own right side to its left side and so collided with the Ford car. These statements accord with the testimony offered by the plaintiff, and there is no direct evidence disputing them, as the defendant put on no testimony.

Had the trial court reached the conclusion that, in view of the physical conditions stated in the finding, it could not accept the version of the accident offered by the plaintiff, it may be that we could not have held that it acted unreasonably, because it might have reasonably considered that, had the Ford car been upon the extreme right of the highway, these conditions probably would not have resulted. But we cannot accept the two facts stated in the finding as affording a reasonable basis for the conclusion that the Ford car was, at the time of the collision, partly to the left of the center of the highway. It does not appear from which car, or which part of either car, the glass just east of the center line of the highway came, or whether it was broken by the impact or resulted from the glass of one or more of the headlights being thrown out and breaking upon striking the surface of the highway. As far as concerns the position of the cars after the accident, that might as well have resulted from a collision occurring when the Ford car was to its right of, but close to, the center line of the highway as from one occurring when it was partly over that line. The conclusion of the trial court as to the position of the Ford car at the moment of the accident is too much a matter of conjecture to be deemed reasonable. If that conclu-

sion is not sustained, the other conclusions of the trial court necessarily fall with it.

It is not without significance that, as appears in a portion of the record certified by the trial court, when the defendant rested without offering evidence it claimed judgment upon the ground of a failure of the plaintiff to establish the agency of the driver of the defendant's car, but made no claim that the plaintiff had offered no evidence of negligence. It is not necessary to consider the other claims of error made by the plaintiff.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.