ANTOINE D. LEBLANC, ADMINISTRATOR (ESTATE OF
ALYRE A. LEBLANC) *v.* ANGELO GRILLO ET AL.

MALTBIE, C. J., AVERY, JENNINGS, ELLS and CORNELL, Js.

Argued June 3—decided September 1, 1942.

*Charles V. James,* with whom were *Joseph S. Longo*
and, on the brief, *Arthur M. Brown,* for the appellants
(defendants).

*Harry Schwartz,* with whom was *George C. Morgan,*
for the appellee (plaintiff).

CORNELL, J. The principal issue on this appeal is
whether the court erred in refusing to set aside the

verdict. The action arose out of a collision between two automobiles on the Norwich-New London highway about 1:15 a.m., on October 27, 1940, at or near the area where the East Great Plain Road intersects it in the Trading Cove section of Montville. Immediately before the impact the two cars were approaching each other from opposite directions. That owned and operated by plaintiff's intestate was going north, and the other, owned by defendant Samuel Grillo and operated by his brother Angelo Grillo, was moving south. The trial court's decision implies the conviction that there was evidence from which the jury might have reasonably concluded that the driver of the Grillo car was negligent in some manner alleged in the complaint. This, in turn, as the issue is presented, depends upon whether there was evidence before the jury from which they could have found that immediately before or at the time the impact occurred the Grillo car was being driven on the left of the center line of the highway and that in so doing its operator failed to "give half of the traveled portion" of the highway to the LeBlanc car, as required by General Statutes, Cum. Sup. 1939, § 544e (a). There was no evidence that it was impracticable for the driver of the Grillo car to have complied with the statute in this respect.

The jury could not have resolved this factual issue for the plaintiff, as they obviously did, except by rejecting the testimony of witnesses who testified for the defendants concerning the manner in which the collision happened and basing their determination wholly on inferences drawn by them from physical facts which they could properly find that the evidence established. This they were at liberty to do. *White* v. *Herbst*, 128 Conn. 659, 661, 25 Atl. (2d) 68. Particularly is this so if they deemed the circumstantial evidence a more reliable guide to a solution than the other testi-

mony before them. *Richard* v. *New York, N. H. & H. R. Co.,* 104 Conn. 229, 232, 132 Atl. 451; *Leon* v. *Kitchen Bros. Hotel Co.,* 134 Neb. 137, 141, 277 N. W. 823.

The physical facts which the jury might have found proved were: The Norwich-New London highway lies in a generally north-south direction. The traveled portion of the highway was of concrete construction and consisted of two lanes, each twelve feet wide, with an expansion joint between them which coincided with the middle line of the traveled part of the highway. The grade of the road in the section where the collision occurred was 10 per cent, ascending toward the south. In that area there was a curve toward the east, having a 10 per cent radius. The cars met at a point within the traveled way at or near the arc of this curve. When they came to rest after the collision, the right rear end of the LeBlanc car was at the east edge of a concrete gutter which borders the east line of the traveled part of the highway. The car projected out into the east panel in a slightly northerly direction. The right rear wheel of the Grillo car was three feet ten inches from the west edge of the west panel. The car pointed in a generally southeasterly direction with its right front wheel on, and its left front wheel about two feet over, the center line, and that distance within the east panel. The front ends of the two vehicles practically faced each other and stood about three feet eight inches apart. Between their front ends on the east panel there was a deposit of debris. This consisted of glass, water, mud, oil and some grill work. There was no evidence to indicate from which of the two cars this had fallen or whether it was contributed by both. The Grillo car was a Buick seven-passenger sedan and very heavy; LeBlanc's was a Chevrolet coach and much lighter than the other. There were

three adult occupants in the Grillo car, inclusive of the driver, and four, in all, in LeBlanc's. The left fronts and left forward parts of both cars were completely demolished, and the left front wheels of both entirely detached. There was no damage to the right front or side of either car attributable to contact between the two, at either of such points. No brake, tire or other marks appeared on the surface of the highway at any point at or near the area where the vehicles stood after the collision.

Counsel for each of the parties treat the controlling question to be whether the Grillo car or some substantial part of it was on the east panel of the highway at the time that the collision occurred. The defendants urge that the jury could not have concluded from the physical facts detailed that it occupied such a position without resorting to speculation or conjecture, for two reasons, viz., (1) such circumstantial evidence affords no reasonable basis for such an inference, but (2) if it can be said to do so, it admits of other hypotheses opposed to it, to which it lends equal support. These contentions are so closely related that they may be considered together. A considerable body of authority subscribes to the statement that "A theory cannot be said to be established by circumstantial evidence, either in a civil or a criminal case, unless the facts and circumstances shown are not only consistent with such theory, but absolutely inconsistent with any other rational theory." 10 R. C. L. 1007, § 196. To same effect, 23 C. J. 49 and cases cited in note 48; 32 C. J. S. 1102 and cases cited in note 27. This rule has never been adopted in Connecticut. We have consistently held that in a civil case proof of a material fact by inference from circumstantial evidence, alone, need not be so conclusive as to exclude every other hypothesis. *Bradbury* v. *South*

*Norwalk,* 80 Conn. 298, 301, 68 Atl. 321. This is in accord with the rule which prevails in a number of states. In a civil action, "circumstantial evidence . . . in order to be sufficient to sustain the verdict, need not rise to that degree of certainty which will exclude every reasonable conclusion other than that arrived at by the jury." *Chalmers* v. *Hawkins,* 78 Cal. App. 733, 739, 248 Pac. 727; *Katenkamp* v. *Union Realty Co.,* 36 Cal. App. (2d) 602, 617, 98 Pac. (2d) 239, and cases cited; *Paine* v. *Gamble Stores, Inc.,* 202 Minn. 462, 469, 279 N. W. 257; *Mitton* v. *Cargill Elevator Co.,* 124 Minn. 65, 71, 144 N. W. 434; and see *Exchange State Bank* v. *Occident Elevator Co.,* 95 Mont. 78, 87, 24 Pac. (2d) 126. "It is sufficient if the evidence produces in the mind of the trier a reasonable belief of the probability of the existence of the material facts." *Esserman* v. *Madden,* 123 Conn. 386, 388, 195 Atl. 739; *Hoyt* v. *Danbury,* 69 Conn. 341, 348, 37 Atl. 1051.

The decisive consideration is not whether the finding implicit in the jury's verdict is consistent or inconsistent with another or other hypotheses but whether or not the inference upon which it is based was one which could have been fairly and reasonably drawn from the physical facts without the admixture of speculation or conjecture. *Morse* v. *Consolidated Ry. Co.,* 81 Conn. 395, 399, 71 Atl. 553; *Riccio* v. *Waterbury Foundry Co.,* 118 Conn. 468, 470, 173 Atl. 106; *Caldwell* v. *Danforth,* 124 Conn. 468, 471, 200 Atl. 577; *Kligerman* v. *Rosenstein,* 128 Conn. 455, 458, 23 Atl. (2d) 925. The test of the validity of the jury's determination depends upon whether the evidence, fairly and impartially considered, would be likely to induce in the minds of twelve men of ordinary intelligence attentively considering it and using common-sense logic "a reasonable belief that it is more probable than otherwise that the fact in issue is true." *Darrow*

v. *Fleischner,* 117 Conn. 518, 520, 169 Atl. 197, and cases cited; *White* v. *Herbst,* supra.

Since, admittedly, the collision occurred at some point on the traveled surface of the highway, the situation which confronted the jury presented the alternative of either of two conclusions as respects the inference that might be drawn from the physical facts, viz., that the collision occurred while both cars were on one side or the other of the center line of the highway or that it happened while both were in their respective panels but so close to the middle line that as they passed on the curve some overhanging part of the one engaged the other, bringing them into collision and setting in operation physical forces of incalculable influence upon the courses which the vehicles thereafter took and the positions which they occupied when these had expended themselves. Counsel for neither party stress the validity of such a theory. If the jury rejected it, as they evidently did, their action was not without support in the character and location of the damage done to both of the vehicles. From this they could have reasonably found that the collision was not one of a sideswiping character but rather was head-on, with the points of contact the left fronts of both cars. Such a conclusion reached, it was then necessary for the jury to determine on which of the two panels the impact occurred. In this they might properly consider the fact that the west panel was devoid of any brake, tire, brush or scrape marks whatsoever; the character, location and extent of damages sustained by each of the cars; their relative positions on the highway and with respect to each other after they had come to rest; the superior weight of the Grillo car and the force generated by its momentum at the speed at which they found it to be moving as compared with that of the much lighter LeBlanc car, which, they

may have found, was proceeding at a much lower rate of speed; and the presence of the debris upon the east panel. We cannot say that an inference, based upon all of the physical facts, that at the time of impact the Grillo car was to its left of the center of the highway is not one which accords more consonantly with the reasonable probabilities than not; nor that the probability of the truth of such an inference was not sufficient to induce a reasonable belief in an impartial mind. *Ruerat* v. *Stevens,* 113 Conn. 333, 338, 155 Atl. 219. The trial court committed no error in refusing to set the verdict aside.

The trial judge in refusing to set the verdict aside filed a memorandum in which the conviction was stated that the implications of the circumstantial evidence which sustained the verdict were "fortified by the presumption as to lack of contributory negligence on the part of the decedent." This reference is to the provisions of General Statutes, Cum. Sup. 1939, § 1399e, which reads: "In any action to recover damages for negligently causing the death of a person, or for negligently causing personal injury or property damage . . . it shall be presumed that such person whose death was caused or who was injured or who suffered property damage was, at the time of the commission of the alleged negligent act or acts, in the exercise of reasonable care. If contributory negligence be relied upon as a defense, it shall be affirmatively pleaded by the defendant or defendants, and the burden of proving such contributory negligence shall rest upon the defendant or defendants."

Section 1654c, Cum. Sup. 1935, enacted in 1931, contained substantially the same provisions as § 1399e in respect to the presumption of freedom from contributory negligence and the requirement that a defendant claiming contributory negligence plead and

assume the burden of proving it, but limited the application of such provisions to actions alleging negligence causing the death of a person or for negligently causing injury to a person dying prior to the trial of such an action. This legislation is procedural only. It made no change in the substantive law. The rule still obtains that a plaintiff seeking damages allegedly caused by the negligent act of another will not be permitted to recover if it appears that his own wrongful conduct was a proximate cause of the injury to his person or damage to his property of which he complains. *Toletti* v. *Bidizcki,* 118 Conn. 531, 537, 173 Atl. 223; *Hatch* v. *Merigold,* 119 Conn. 339, 341, 176 Atl. 266. Its effect, however, is to shift the burden of proving freedom from contributory negligence from the plaintiff, where it rested under the common law (*Kotler* v. *Lalley,* 112 Conn. 86, 151 Atl. 433), and to place the burden of proving contributory negligence upon the defendant if the latter sees fit to claim it by pleading it. The statute applies, as its predecessor applied, only to contributory negligence, and the presumption that a plaintiff is free therefrom conferred by it is without effect upon the burden always assumed by a plaintiff alleging negligence on the part of a defendant to establish it. *Zint* v. *Wheeler,* 117 Conn. 484, 485, 169 Atl. 52; *Breed* v. *Philgas Co.,* 118 Conn. 128, 135, 171 Atl. 14. The presumption created in the statute (§ 1399e) does not affect the obligation of a plaintiff in an action of negligence to sustain the burden of establishing negligence on the defendant's part and that the conduct complained of was a proximate cause of the injury to person or damage to property for which he seeks recovery. It lent no support to the verdict in the instant case in so far as that element is concerned. Nor could it do so, if it were applicable, since it is without probative effect within

the limited scope of its operation. Presumptions of such character possess no probative quality. *Vincent v. Mutual Reserve Fund Life Asso.*, 77 Conn. 281, 290, 58 Atl. 963. The trial court was wrong in the effect it gave to the presumption, but as there was sufficient evidence to support the verdict its error in this regard is of no consequence. Conn. App. Proc., §§ 18, 112.

No error occurred in the court's refusal to grant defendants' motion for a mistrial nor does it appear that it was probable that the defendants were prejudiced as a result of the conduct which caused such motion to be made.

There is no error.

In this opinion the other judges concurred.