EDMOND HAWLEY
*vs.*
ROMANO RIVOLTA

Superior Court          New Haven County          File No. 64148

MEMORANDUM FILED FEBRUARY 29, 1944.

*John R. Thim,* and *Luke H. Stapleton,* of New Haven, for the Plaintiff.

*Frederick C. Hesselmeyer,* of New Haven, for the Defendant.

WYNNE, J. The plaintiff's vehicle had come to a full stop against the curb on his right-hand side of the road and was so standing for an appreciable lapse of time. Plaintiff estimated the stop in seconds. This is not refuted. It appears that it was daylight and that the visibility was good. At the point in question the road is a four-lane highway. Defendant's truck crashed into the rear of plaintiff's vehicle with great force. Clearly the driver was negligent if in no way other than failing to keep a proper lookout and driving in such a manner as to endanger life and limb of others on the

highway. The presumption of agency is not rebutted. The presumption of due care on plaintiff's part is not rebutted.

The absence of a rear-vision mirror becomes unimportant because it had no conceivable part in the mishap. Nor if there was in fact a mirror would there have been any obligation upon the plaintiff to glance almost momentarily in it. Such a duty would be indicated only while a driver was operating his vehicle. Here the court finds the vehicle had stopped and was standing. Therefore there is no basis for holding as matter of law that plaintiff was guilty of contributory negligence and the case of *LeBlanc vs. Grillo,* 129 Conn. 378, has no application.

The court finds the issues of agency and his own due care and the issue of the defendant driver's negligence in favor of the plaintiff.

Plaintiff's injuries were serious. The operation he had to submit to as a direct consequence of the mishap was far from being a minor one. Dr. Stetson's response to the question concerning the same furnished light, if any were needed, to explain the services of a recognized expert in orthopedic surgery. Dr. Cook is always objective and no one could accuse him of exaggeration in his opinion in this case that for another year the plaintiff will suffer pain and discomfort; and there is no question of the excruciating character of the pain endured for many months following the accident and its untoward consequences.

The special damages are in excess of $3,000. The pain and suffering; the operation itself; the resulting scar; and the loss of cartilage where it is obviously needed and where only scar tissue will fill the gap, constitute elements of substantial damage.

Judgment is entered for the plaintiff to recover damages of the defendant in the sum of $9,000.