ALICE FOSTER *v.* HARTFORD BUICK COMPANY.

BROWN, JENNINGS, ELLS and DICKENSON, Js.[1]

[1] By agreement of counsel the case was argued before and decided by four judges.

Argued October 6—decided November 8, 1944.

*Cyril Coleman,* with whom were *Eugene A. Massey* and, on the brief, *S. Gene Munford,* for the appellant (defendant).

*Morton E. Cole,* with whom was *Cyril Cole,* for the appellee (plaintiff).

DICKENSON, J.  The plaintiff had left her car at the defendant's place of business to have slip covers affixed to the seats.  While about to inspect it in the defendant's yard at the suggestion and in the company of the defendant's agent, she stepped upon a "creeper," a frame set on casters used by mechanics to lie upon while working underneath cars, and was thrown to the ground, suffering personal injuries for which she brought this action.  There were twelve or fourteen creepers on the defendant's premises, owned and used by the defendant's mechanics.  The frames were about three feet long and fifteen inches wide and the casters were about two inches in height.  It was upon the protruding corner of one of these creepers, the rest of which was beneath her car, that the plaintiff stepped.  The defendant's yard adjoined his repair garage and was surfaced with a concrete pavement.  The plaintiff's car was just outside the garage door and was one of several in the yard.

The plaintiff obtained a verdict which the defendant moved to set aside as against the law and the evidence. From the court's denial of the motion the defendant appealed, assigning as a ground of error that there was no evidence of actual or constructive knowledge by the defendant of the position of the creeper.

The record discloses no evidence as to the length of time the creeper had been in this position that would support a claim of constructive notice. *Laflin* v. *Lomas & Nettleton Co.,* 127 Conn. 61, 63, 13 Atl. (2d) 760; *Smeriglio* v. *Connecticut Savings Bank,* 129 Conn. 461, 462, 29 Atl. (2d) 443. It is the contention of the plaintiff, however, that the defendant had actual notice of the presence of the creeper in that it was placed in this dangerous position by one of the defendant's employees. *Crowell* v. *Middletown Savings Bank,* 122 Conn. 362, 367, 189 Atl. 172. The defendant concedes that if the creeper was so placed it would thereby be charged with actual knowledge. The creepers were used by the mechanics in prosecution of the defendant's business and they were its agents in this use. See *Zazzaro* v. *Universal Motors, Inc.,* 124 Conn. 105, 108, 197 Atl. 884. While, as the defendant contends, there was no direct evidence that one of its mechanics placed the creeper in that position, it was stipulated in open court that "in the usual course of business the creepers on the defendant's premises July 14, 1941, were used and controlled by mechanics employed by the defendant." The question is, could the jury have reasonably inferred from this that one of them so left this creeper? Instances where even more remote inferences have been supported will be found in the following cases: *White* v. *Herbst,* 128 Conn. 659, 661, 25 Atl. (2d) 68; *Shaughnessy* v. *Morrison,* 116 Conn. 661, 664, 165 Atl. 553; *LeBlanc* v. *Grillo,* 129 Conn. 378, 381, 28 Atl. (2d) 127.

The defendant relies upon *Meyer* v. *St. Augustine's Church,* 109 Conn. 410, 146 Atl. 817, as support for its contention that no such inference reasonably could have been drawn. That was a case where the plaintiff stepped into a hole in a cemetery where a marker had been removed. We stated (p. 414): "If it were established that the defendant created the condition caused by the removal of the marker and the covering of the opening with a grass mat, and knew or in the exercise of reasonable care ought to have known that the ground under the opening had sunk, or was liable to do so if a person stepped into the opening . . . the defendant would be liable. . . . But, upon the record, the plaintiff's case is deficient in this respect. The finding does not disclose when or by whom the marker was removed or the grass mat spread. There is nothing to show whether the hole into which the plaintiff's leg descended already existed to the depth to which she sank. . . ." In that case we held the facts were not sufficient to support a reasonable inference that the dangerous condition was caused by the defendant.

In the instant case it is not questioned that a dangerous condition was at once created by the placing of the creeper in the position in which it caused the injury, and it seemed a reasonable conclusion, not alone to the jury but to the court, which refused to set aside the verdict (see *Scorpion* v. *American-Republican, Inc.,* 131 Conn. 42, 47, 37 Atl. [2d] 802), that it was so placed by an employee and agent of the defendant. "We have consistently held that in a civil case proof of a material fact by inference from circumstantial evidence, alone, need not be so conclusive as to exclude every other hypothesis. . . . The decisive consideration is not whether the finding implicit in the jury's verdict is consistent or inconsistent with another or other hypotheses but whether or not the infer-

ence upon which it is based was one which could have been fairly and reasonably drawn from the physical facts without the admixture of speculation or conjecture." *LeBlanc* v. *Grillo*, supra, 381, 382. We may not say that the inference was so unfair or unreasonable as to require that the verdict be set aside.

There is no error.

In this opinion the other judges concurred.