STANLEY GLEBA *v.* CITY OF NEW BRITAIN

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 15—decided June 12, 1946

*Harold J. Eisenberg,* corporation counsel, for the appellant (defendant).

*Maurice W. Rosenberg,* for the appellee (plaintiff).

BROWN, J. The plaintiff recovered judgment for damages for personal injuries sustained by a fall

upon a sidewalk of the defendant city alleged to
have been slippery and defective by reason of snow
and ice. The material facts found by the court are
not subject to correction and may be thus summar-
ized: On January 19, 1942, the plaintiff had deliv-
ered milk at house No. 91 on the southerly side of
Belden Street in New Britain. In returning, he
stepped on a patch of ice on the public sidewalk
just west of the foot of the front steps of the house,
his feet slipped and he fell, severely injuring his
hand. The cause of his fall was an irregularly
shaped piece of ice about two feet long, one and
one-half feet wide and two inches thick which was
frozen to the sidewalk at that point. Belden Street
extends east and west. Its southerly sidewalk is
of concrete five feet in width and pitches slightly
towards the south edge, which adjoins the foot of
a four-foot bank in front of the house. No. 91 is a
three-story house and shades the sidewalk in front
of it from the sun. This retards the thawing of
snow or ice upon the sidewalk. Water from melt-
ing snow or ice in front of No. 91 flows along the
inner edge of the sidewalk to a point where the
driveway crosses the walk east of the steps and
thence across the sidewalk to the street gutter.

On January 4, 1942, there was a heavy snow-
storm mixed with rain and sleet. From then to the
date of the accident there was no material precipi-
tation. After January 4 until noon on January 19
the temperature was below freezing except for
these intervals: from 11 a.m. on the 14th to 4 a.m.
on the 15th, during which period it averaged about
forty degrees; from 8 a.m. on the 18th until after
the plaintiff's fall on the 19th. At 8 a.m. on the
19th a heavy rain began which continued past the
noon hour. No sand or ashes had been placed on

this ice and there was no evidence that anyone had shoveled the walk.

The defendant's attack upon the court's judgment and the conclusions supporting it is well summed up in its final assignment of error in these words: The facts found "contain no evidence of the existence of the defect prior to the time of the plaintiff's injury and, therefore, cannot support the conclusions that the neglect was of sufficiently long standing to impute notice to the defendant and that the defect had continued from January 4th to January 19th, without which conclusions the plaintiff must be held not to have proved his case." Thus the question determinative of the appeal is whether the facts found warrant the court's inference that the patch of ice upon which the plaintiff fell had existed on the walk since January 4 and so charged the defendant with the notice of this condition essential to liability. In deciding this question the heavy fall of wet snow of the 4th, the drop in temperature to below freezing which shortly ensued, the lack of any material precipitation thereafter until the 19th, the shaded location of the place in question and the continuation without substantial interruption of a temperature below freezing throughout the period between these dates would afford, in the absence of other facts, a basis for the inference that this patch of ice originated and continued as concluded by the court. That, by reason of the topography, surface water would not naturally gather upon the walk at this point, that the ice in question had not been sanded and that there was no evidence that the walk had been shoveled constitute further corroborative factors.

While these facts are indicative that the probable origin of the ice was the storm of January 4, as

concluded by the court, they do not preclude the possibility of its having resulted from some other cause arising at a subsequent time. This does not, however, necessarily affect the validity of the court's inference. "We have consistently held that in a civil case proof of a material fact by inference from circumstantial evidence, alone, need not be so conclusive as to exclude every other hypothesis. *Bradbury* v. *South Norwalk,* 80 Conn. 298, 301, 68 A. 321. . . . The decisive consideration is not whether the [fact so found] is consistent or inconsistent with another or other hypotheses but whether or not the inference upon which it is based was one which could have been fairly and reasonably drawn from the physical facts without the admixture of speculation or conjecture. *Morse* v. *Consolidated Ry. Co.,* 81 Conn. 395, 399, 71 A. 553; *Riccio* v. *Waterbury Foundry Co.,* 118 Conn. 468, 470, 173 A. 106; . . . *Kligerman* v. *Rosenstein,* 128 Conn. 455, 458, 23 A.2d 925." *LeBlanc* v. *Grillo,* 129 Conn. 378, 381, 28 A.2d 127. Applying this test, we conclude that the court's inference that the ice upon which the plaintiff fell had existed on the walk since January 4 was warranted, and that, accordingly, its conclusions are sufficient to support the judgment.

The only other assignment of error meriting mention relates to a ruling upon evidence. In a hypothetical question predicated primarily upon the weather conditions to which we have referred, a witness called by the plaintiff was asked his opinion concerning the length of time ice had been on the walk prior to January 19. The defendant objected on the ground that the question was improper because it left out the important factor of what if anything had been done to the sidewalk. The court al-

lowed the question. The opinion was obviously predicated upon the assumption that nothing had been done to the sidewalk, and the failure to include that statement specifically in the question was of no consequence. Had it later appeared that there were some intervening causes which affected the situation, the weight of the opinion would have been greatly affected or destroyed, but the finding indicates that there were not. The court could, in its discretion, properly admit the question. *Hall* v. *Sera,* 112 Conn. 291, 297, 152 A. 148; *Jackson* v. *Waller,* 126 Conn. 294, 306, 10 A.2d 763.

There is no error.

In this opinion the other judges concurred.