Oscar S. Draper v. Clark Dairy, Inc.

Superior Court     New Haven County     File No. 73800

Memorandum filed October 10, 1950.

*William L. Hadden,* Attorney General and *Raymond J. Cannon,* Assistant Attorney General, of Hartford, for the Plaintiff.

*John R. Thim,* of Hamden, and *Anthony I. Wells,* of New Haven, for the Defendant.

*Louis Katz,* of Danbury, *Louis Feinmark,* of New Haven, and *Milton Nahum,* of Hartford, amici curiae.

ALCORN, J. This is an appeal from a finding and order of a hearing tribunal of the inter-racial commission.

The pertinent portion of the applicable statute provides: "It shall be an unfair employment practice (a) for an employer, by himself or his agent, except in the case of a bona fide occupational qualification or need, because of the race, color, religious creed, national origin or ancestry of any individual, to refuse to hire or employ . . . such individual . . . ." General Statutes § 7405.

A complaint alleging a violation of the statute was filed with the inter-racial commission and proceedings followed as provided in § 7406, culminating in a hearing at which testimony and exhibits were offered and a stenographic record was made before a hearing tribunal of the commission. Section 7406 provides in part: "If, upon all the evidence, the tribunal finds that a respondent has engaged in any unfair employment practice as defined in section 7405, it shall state its findings of fact and shall issue and file with the commission and cause to be served on such respondent an order requiring such respondent to cease and desist from such unfair employment practice."

The hearing tribunal made a finding of subordinate facts from which it concluded that the employer refused employment to an applicant because of his race. Thereupon it issued an order to the employer directing that "you are hereby ordered to cease and desist forthwith from refusing to employ Oscar S. Draper of 258 Starr Street, New Haven, Connecticut. No appeal shall operate as a stay of this order." From that finding and order the employer has appealed under the provisions of § 7407. In connection with the appeal, the employer sought and obtained from Judge Wynne, acting as a judge of this court, a stay of the order pending a final determination of the appeal and that order has remained in full force and effect.

Pursuant to the statutory procedure on appeal, the commission has filed a certified transcript of the entire record, including the testimony and exihibits offered at the hearing. The

appeal is presented for determination solely upon this record and no evidence has been offered for an independent determination by the court as to any factual issue. Section 7407 provides in part "The findings of the hearing tribunal as to the facts, if supported by substantial and competent evidence, shall be conclusive." It further empowers the court, upon the record certified to it, "to make and enter a decree enforcing or modifying and enforcing as so modified or setting aside, in whole or in part, the order sought to be reviewed."

No question is presented as to the constitutionality or legality of the statute. The only issues raised by the appeal are first, whether the applicant for employment is a necessary party; second, whether the hearing tribunal's finding should stand; and third, whether, if the finding stands, the order based upon it is legally proper.

The applicant for employment who made the complaint of discrimination, hereinafter referred to as the applicant, has not been made a party to the appeal. The only parties before the court are the inter-racial commission, hereinafter referred to as the commission, and the employer. The question whether the applicant is a necessary party to the appeal is of fundamental significance. "It is the settled rule of this jurisdiction, if indeed it may not be safely called an established principle of general jurisprudence, that no court will proceed to the adjudication of a matter involving conflicting rights and interests, until all persons directly concerned in the event have been actually or constructively notified of the pendency of the proceeding, and given reasonable opportunity to appear and be heard." *Ackerman* v. *Union & New Haven Trust Co.*, 91 Conn. 500, 508; *Brennan* v. *Russell*, 133 Conn. 442, 445. Do the statutes then confer upon the applicant any right or interest which require that he be made a party?

Primarily the intent of the statute is obviously to secure to all equally qualified persons the equal opportunity for employment regardless of race, color, religious creed, national origin, or ancestry. The procedure to secure that objective is defined in § 7406 of the statutes. Any person claiming to be aggrieved may personally, or by his attorney, file a written complaint, under oath, with the commission. Having filed his complaint, his function in the proceeding ceases and the commission is empowered to issue its own complaint. The commission is required to investigate and endeavor to eliminate the matter com-

plained of "by conference, conciliation and persuasion." Failing that, the matter proceeds to a "hearing" before a "hearing tribunal" consisting of "members of the commission or panel of hearing examiners." The only party required to be served and to appear is "the person, employer, labor organization or employment agency named in such complaint" designated as "the respondent." The place of the hearing "may be the office of the commission or another place designated by it." "The case in support of the complaint shall be presented at the hearing by the attorney general who shall be counsel for the commission; . . ."

Since the proceeding is one in which the commission prosecutes the complaint before itself as arbiter, it is essentially inquisitorial. It lacks the elements of a judicial or quasi-judicial proceeding in which parties litigate adverse interests before an impartial tribunal.

No provision is made for notice to or advocacy by the applicant. Having made its finding of fact and order, the commission may petition the court for the enforcement of its order; and "the respondent," already defined as "the person, employer, labor organization or employment agency named in such complaint" may appeal from the order. § 7407 (d). If the applicant's complaint is not sustained by the commission's order, if its order should appear to the applicant to be inadequate to meet his grievance, or if for any other reason he might wish to appeal to the courts to test the proceedings, no provision is made for him to do so.

It thus appears that while the applicant's complaint of discrimination can set the machinery of the statute in motion he is afforded no part in its subsequent operation and is given no recourse to the courts to assert his claims. Clearly the adversary parties before the court are the commission and the respondent employer. *Rommell* v. *Walsh*, 127 Conn. 16. The statutes give no right or interest to the applicant which makes him a necessary party. It is equally true that no decision upon this appeal can be binding upon him. *Perry* v. *Commercial Bank & Trust Co.*, 119 Conn. 115, 122.

Passing to the second question in issue, the employer claims that the hearing tribunal's finding of facts should not stand. In a decision upon this phase of the case the court's function is circumscribed by the statute already quoted. The question is not whether the court would come to the same or to some other

conclusion upon the evidence certified to it. *State* v. *Hayes*, 127 Conn. 543, 553. The court cannot, upon the record of the proceedings before the hearing tribunal, substitute its own discretion for that reposed by statute in the hearing tribunal. *Colonial Beacon Oil Co.* v. *Zoning Board of Appeals*, 128 Conn. 351, 355; *DePalma* v. *Town Plan Commission*, 123 Conn. 257, 266. Due consideration must be accorded the presumption that an administrative body has acted fairly, with proper motives, and upon valid reasons, and not arbitrarily. *Levine* v. *Zoning Board of Appeals*, 124 Conn. 53, 57; *St. Patrick's Church Corporation* v. *Daniels*, 113 Conn. 132, 139. Finally, in cases where the statute provides for a full hearing and record before the administrative body, the procedure on the so-called appeal is upon the record of the proceedings before that body and from this record the court's function is to determine whether the administrative body acted arbitrarily, unreasonably, or contrary to law. *Beaverdale Memorial Park, Inc.* v. *Danaher*, 127 Conn. 175, 182.

The responsibility which the statute places upon the commission and its agencies, including the hearing tribunal, is a heavy one, involving, as it does, probing the inner recesses of the human mind to determine a real, if undisclosed, intent behind a given act. The determination of intent is seldom easy, but it must, in proceedings under the statutes, nevertheless be the chief task to be accomplished. The statutes do not make the task any easier by placing the commission in the dual position of advocate and judge and at the same time demanding that equal justice for all which is its obvious aim.

The finding of the hearing tribunal, briefly summarized, is that the applicant, one Draper, a twenty-three-year old Negro, was the first to answer an advertisement inserted by Clark Dairy, the employer, in a daily newspaper reading "Boys, 18 years or over. Experience unnecessary. Evening work. Apply 3 to 5 or after 6 p. m. Clark Dairy, 74 Whitney Avenue, City." Clark Dairy operates a wholesale and retail milk, ice cream, and ice cream products business and has four dairy stores. Draper was interviewed, with another colored applicant, by the store manager, and was told the advertised job was taken; but he left his name, address, telephone number, and age upon the assurance the manager would get in touch with him in the event of future openings. There was no discussion of the kind of employment or of the wages or hours involved. Several

other applicants later answered the advertisement and four of these, all white persons, ranging in age from eighteen to twenty-three years, secured jobs within a short space of time thereafter either as dishwasher or fountain man in the employer's milk and ice cream stores. The first of these was employed as a dishwasher some two and one-half hours after the applicant's interview. The employer had several job openings on the day Draper applied, for which no special qualifications were required other than that the applicant be eighteen years of age or older and that he be willing to work nights, and Draper met these qualifications. Subsequently, the employer's manager gave to an investigator for the commission three reasons for refusing employment to this applicant, namely, that the job was filled, the applicant was too old, and the wages were too low for a man of his age. The employer had no Negro employees in any of its stores except a girl who appeared to be white.

Other facts are detailed in the finding which need not be related here but which entered into the hearing tribunal's conclusion that the applicant failed to obtain the employment because of his race. As might be expected, this reason does not specifically appear in the evidence. An extremely important witness for the employer was its manager who interviewed Draper, and the record clearly indicates that the hearing tribunal did not, upon the evidence before it, credit his testimony as to the reason for withholding the employment. From that circumstance and the other evidence before it the hearing tribunal drew an inference as to the reason which it found for the employer's action. The real question is whether or not that inference is justified.

A question of intent is a question of fact, the determination of which is not reviewable unless the conclusion drawn by the trier is one which cannot reasonably be reached. *McDermott* v. *McDermott,* 97 Conn. 31, 35; *Meriden Trust & Safe Deposit Co.* v. *Miller,* 88 Conn. 157, 162. The trier can infer one fact from another to prove intent in a person's mind provided the facts and circumstances are such that a reasonable man would have drawn the inference. *State* v. *Newman,* 127 Conn. 398, 401; *State* v. *Weiner,* 84 Conn. 411, 416. In testing the inference which the trier is justified in drawing, a party is entitled to have his evidence considered in the most favorable light it could reasonably bear. *Adams* v. *Mohican Hotel,* 124 Conn. 400, 401.

The trier cannot base an inference upon a guess or a speculation, but he may draw a reasonable inference if the evidence is such as to justify a reasonable belief of the probability of the existence of the material fact. *White* v. *Herbst,* 128 Conn. 659, 661; *General Petroleum Products, Inc.* v. *Merchants Trust Co.,* 115 Conn. 50, 58. The existence of the fact to be inferred must be more probable than not. It is not enough that it is merely possible that the inference followed, but the trier must be fairly and reasonably satisfied that it does follow. *Doherty* v. *Connecticut Co.,* 133 Conn. 469, 477. On the other hand, the decisive consideration is not whether the fact inferred is consistent with another or other hypotheses—but whether the inference was one which could have been fairly and reasonably drawn from the physical facts without the admixture of speculation or conjecture. *Gleba* v. *New Britain,* 133 Conn. 85, 88. We have not adopted the proposition found in some jurisdictions that the inference need be so conclusive as to exclude every other hypothesis. The test is, whether the evidence, fairly and impartially considered, would be likely to induce in the minds of men of ordinary intelligence, attentively considering it and using common sense logic, a reasonable belief that it is more probable than otherwise that the fact in issue is true. *LeBlanc* v. *Grillo,* 129 Conn. 378, 381, 382; *Foster* v. *Hartford Buick Co.,* 131 Conn. 348, 351.

The hearing tribunal saw and heard the witnesses and the court did not. The hearing tribunal is the judge of the credibility of the witnesses. It could reject the testimony of witnesses it did not believe and base its conclusion on inferences drawn from facts which it could properly find the evidence established. *LeBlanc* v. *Grillo,* supra, 379.

The statute, § 7407, in providing that "the findings of the hearing tribunal as to the facts, if supported by substantial and competent evidence, shall be conclusive," must be construed to mean that the question presented by the finding in this case shall be tested on appeal by the well-established principles recited. A conclusion reached by inference could not be said to be "supported by substantial and competent evidence" unless the inference satisfied those tests. An examination of the record warrants the conclusion that the finding is proper and should stand.

The third point in issue, namely, the form of the order, remains for consideration. The order appealed from—that the employer "cease and desist forthwith from refusing to employ"

the applicant is, in effect, an affirmative order to employ him now. Taken literally it would require the employer, if no vacancy now existed, either to discharge an employee to make a place for this applicant or to create a useless job for him. It further assumes that the applicant will submit himself for employment. The record, however, does not disclose that the applicant is available for or wants the job at this time. On the contrary, the record does disclose that he had studied at a photography school following a high school education and applied for the job in issue merely as a stop-gap to have an income while waiting for an opening in his chosen work. As already stated, the order could not bind the applicant to take the job because he is not a party to the proceeding, nor is it a reasonable construction of the statute that its purpose is either to force a technically trained individual to undertake a job as dishwasher or fountain man at a soda fountain or to force the employer to discharge another employee or create such a job to make a place for him.

The hearing tribunal found the unfair employment practice in issue to have occurred on August 1, 1949. The order of the hearing tribunal which is appealed from is dated March 8, 1950. The order speaks from its date. Even though no reason existed for withholding employment on August 1, 1949, except that found by the hearing tribunal, nevertheless other reasons may have arisen in the seven-month interval between that date and the date of the order. At the same time, the applicant, not being a party to, nor in control of, the proceedings, has not been in a position to withdraw them; nor is he called upon to so signify if, in fact, he is no longer interested in obtaining the job. Indeed it is reasonable to assume, under the circumstances, that he would not have sat idly by during this period awaiting work of this type. The order assumes the nonexistence of these unknown factors.

The purpose of the statute is to eliminate discrimination in employment for specified reasons. Many reasons come readily to mind by virtue of which employment might, at the date of the order, legitimately be refused. It is only within the prescribed reasons that the statute becomes operative.

The hearing tribunal found that the unfair employment practice in this case consisted in this employer's refusal to employ this applicant because of the latter's race. The statute authorizes the issuance of an order, after such an unfair employment practice has been found to exist "to cease and desist from

*such* unfair employment practice." (Emphasis supplied.) That can only mean to stop henceforth from doing the objectionable thing which has been done in the past. The statute does not provide that, having found one unfair employment practice to have occurred, an order may issue to cease and desist in the future from refusing employment for that and every other reason, legitimate or otherwise. Clearly, under the statute, the order must be limited to the unfair practice which has been found to exist. It should leave the applicant free to determine whether or not he still seeks that employment.

The appeal is sustained as to the form of the order only. The order appealed from is modified to provide as follows: "In the event that Oscar S. Draper, now or formerly of 258 Starr Street, New Haven, Connecticut, presents himself for employment, you are hereby ordered to cease and desist from refusing, because of his race, to employ him."

Enter a decree accordingly.