[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action is the plaintiffs' Motion to Strike the Defendants' Special Defenses. The plaintiffs brought a nine-count complaint alleging the following: (1) Negligence (both plaintiffs v. all defendants); (2) Recklessness (both plaintiffs v. all defendants); (3) Intentional Interference with Contractual Business Relations (both plaintiffs v. all defendants); (4) Trespass (both plaintiffs v. all defendants); (5) False Imprisonment (plaintiff Burke v. defendant Mormino); (6) State Constitutional Violations ((both plaintiffs v. all defendants); (7) Conversion (both plaintiffs v. all defendants); (8) Statutory Theft (both plaintiffs v. all defendants); and (9) Seeking Declaratory Judgment and Injunctive Relief (both plaintiffs v. all defendants).
The defendants filed eight special defenses. The plaintiffs have moved to strike the first, second, fifth, sixth and seventh special defenses.
 DISCUSSION
The purpose of a special defense is "to plead facts that are consistent with the allegations of the complaint, but demonstrate, nonetheless, that the plaintiff has no cause of action." City of Danbury v. Dana InvestmentCorporation, 249 Conn. 1, 17, 730 A.2d 1138 (1999); C.P.B. § 10-50. The court has an obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency. Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992).
"A motion to strike is the proper vehicle for resolving the issue of whether a cause of action is barred by governmental immunity is sufficiently pleaded. Hegel v. Board of Education, 218 Conn. 1, 2-3,587 A.2d 423 (1991). The fundamental purpose of a special defense like other pleadings, is to apprise the court and opposing counsel of the CT Page 8205 issues to be tried, so that basic issues are not concealed until the trial is underway". Bennett v. Automobile Insurance Co. of Hartford,230 Conn. 795, 802, 645 A.2d 806 (1994).
 FIRST SPECIAL DEFENSE (AS TO THE FIRST COUNT) Governmental Immunity
The defendants in the first special defense, assert that the defendants are municipal officials, and as such are immune from claims of negligence in the performance of discretionary governmental functions.
The plaintiffs move to strike this defense because it fails to plead any facts to support a legal conclusion that the defendants were performing discretionary functions.
The plaintiffs in the first count of the complaint have alleged that the defendants were negligent, and such negligence was the proximate cause of the plaintiffs' damages. The plaintiffs have also stated that the Town of East Hartford is a municipality, and that the defendants, Sergeant Mormino, Commander Kenary and Chief of Police Sirois are municipal employees of the town. The defendants further alleged that the defendants were acting under color of their lawful authority as employees of the town. Additionally, the plaintiff stated that (a) Sergeant Mormino, with the approval of Commander Kenary, summoned the fire department, whose officers broke down the door to room #14, thereby providing free access to the occupant, Mr. Bridges, and others; (b) that Sergeant Mormino arrested the plaintiff, Mr. Burke, without a warrant, and without probable cause; (c) that Commander Kenary refused to stop Sergeant Mormino; and (d) that Chief Sirois failed to adequately train and supervise subordinated officers.
Governmental immunity must be raised as a special defense in the defendants' pleadings. Gauvin v. New Haven, 187 Conn. 180, 184-185,445 A.2d 1 (1982); Westport Taxi Service, Inc. v. Westport TransitDistrict, 235 Conn. 1, 24 (1995). The plaintiffs outlined thirty-three paragraphs, alleging specific conduct by the defendants, and that such conduct was negligent. The defendants in the special defense asserted the fact that they are municipal officials and therefore are governmentally immune.
"Municipalities and their employees or agents have immunity from negligence liability for governmental acts involving the exercise of judgment or discretion." Elliot v. City of Waterbury, 245 Conn. 385,441, 715 A.2d 27 (1998). The operation of a police department is a discretionary governmental function, and acts or omissions related to CT Page 8206 police functions do not give rise to liability on the part of the municipality. . . ." Gordon v. Bridgeport Housing Authority, 208 Conn. 161,180 (1988).
The plaintiffs cite Todd M. v. Richard L, 44 Conn. Sup. 527, 541 (1995) in support of their motion to strike. In that case, the court denied the plaintiffs motion to strike the defendant's special defense of sovereign immunity. In Todd M., the defendant was the director of transportation for the Board of Education for the town. The court stated that the provision of Special Education Services, which specifically included transportation was carried out by the Board unlike the case of Belangerv. Glastonbury, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 90380529 (April 22, 1991) where the court rejected the claim of sovereign immunity since maintenance of school property was not included within the educational activities of the state.
Since the defendants asserted the fact that they are municipal officers in response to the conduct stated by the plaintiffs, the defense as stated is legally sufficient.
The motion to strike the first special defense is denied.
 SECOND SPECIAL DEFENSE (AS TO THE FIRST COUNT) Comparative Negligence
The defendants, in their second special defense, have asserted that the plaintiff Burke was also negligent, and to a greater degree than any claimed negligence of the defendants.
The plaintiffs moved to strike this defense as legally insufficient because the defendants fail to allege a legal duty owed by the plaintiffs.
The essential elements of a cause of action in negligence are well established; duty, breach of that duty; causation; and actual injury.R.K. Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 384 (1994). However, contributory negligence is distinct from negligence. Hoelker v.Mohawk Service, Inc., 170 Conn. 495, 501, 365 A.2d 1064 (1976). Olshefskiv. Stenner, 26 Conn. App. 22 (1991).
CGS § 52-572h contains essentially the same language in subsection (b) and (c). The court stated in Vaught v. Pequot Properties, Superior Court, Judicial District of New London at New London, Docket No. 554980 (June 1, 2001) (Corrandino, J.) that "the separation of the two concepts of contributory negligence and comparative negligence into two CT Page 8207 subsections appears only to have been an editorial device as several states put the two concepts in only one paragraph."
"In any action to recover damages . . . for negligently causing personal injury or property damages, it shall be presumed that such person . . . who was injured or who suffered property damage was, at the time of the commission of the alleged act or acts, in the exercise of reasonable care. If contributory negligence is relied upon as a defense, it shall be affirmatively pleaded by the . . . defendants, and the burden of proving such contributory negligence shall rest upon the . . . defendants. The presumption does not affect the plaintiffs burden of establishing the defendant's negligence and that his conduct was the proximate cause of injury." Leblanc v. Grillo, 129 Conn. 385 (1942). The defendant must plead and prove contributory negligence. Pervillo v. Maluri, 138 Conn. 557
(1952).
In this case the defendants have asserted facts in five paragraphs to support their claim of comparative negligence. It should be noted that the plaintiffs asserted facts in thirty-three paragraphs in support of their negligence claim. However, no where did the plaintiffs specifically allege that the defendants owed a duty. Obviously implicit in the allegation of negligence are the elements of that cause of action which then must be proved.
Since contributory negligence is distinct from negligence, the special defense as stated is legally insufficient.
The motion to strike the second count is denied.
 FIFTH SPECIAL DEFENSE AS TO THE THIRD FOURTH SIXTH SEVENTH, EIGHTH AND NINE COUNTS) Failure to State a Claim Upon Which Relief Can Be Granted
The defendants in the fifth special defense asserted that as to counts three, four, six, seven, eight and nine, the plaintiffs failed to state a claim upon which relief can be granted.
The plaintiffs moved to strike this special defense because it fails to conform to the requirements of C.P.B. § 10-1 and C.P.B. § 10-50.
C.P.B. § 10-1 requires a plain and concise statement of material facts on which the pleader relies. C.P.B. § 10-50 requires a special defense to contain facts, which are consistent with the allegations of he complaint, but show that the plaintiff does not have a cause of action. CT Page 8208
This Court acknowledges that there is a split of authority[1] in the Superior Court as to whether the special defense, as stated, is legally sufficient.
The defendants, in their memorandum stated that the plaintiffs had brought the same claims in a different forum and those claims had been found to be legally invalid. However, the defendants did not include any of these facts in the special defense. Although the defendants are not required to plead the evidence to prove the previous findings, some fact or facts must be included in the special defense.
Since no fact is included, the special defense, as stated, is legally insufficient. The motion to strike the fifth special defense is granted.
 SIXTH SPECIAL DEFENSE (AS TO THE THIRD. FOURTH. FIFTH. SIXTH. SEVENTH AND EIGHTH COUNTS) Privilege
The defendants in its special defense asserted that the actions and conduct of the defendants were privileged by virtue of their obligations to enforce the law, protect citizens from apparent criminal activity and to prevent unlawful deprivation of property interest.
The plaintiff moves to strike this special defense as the defendants are attempting to create a new special defense.
"A party has the right to plead his case in his own way, unless it is clearly in nonconformity with an applicable rule of pleading. FirstNational Bank v. Blakeslee, 4 Conn. Sup. 354 (Super.Ct. 1936). Obviously, the defendants have the burden of proving their special defense.
Since neither side cited any authority to either support the defense or any finding that it is barred or in nonconformity, the defense, as stated, is legally sufficient and each party is left to their burden of proof
The motion to strike the sixth special defense is denied.
 SEVENTH SPECIAL DEFENSE (AS TO THE NINTH COUNT) Failure to Join a Party Whose Rights and Interests Would Be Directly Affected
The defendants in the seventh special defense asserted that the claim CT Page 8209 is legally insufficient because the plaintiffs failed to join a party whose rights and interests would be directly affected.
The plaintiff moved to strike this special defense because it had previously been found to be legally insufficient.
"A party is necessary if its presence is absolutely required in order to assure a fair and equitable trial." Biro v. Hill, 214 Conn. 1, 6,570 A.2d 182 (1990).
The defendants have now asserted in this special defense that the plaintiffs' claim for declaratory relief must fail due to their failure to join a party whose rights and interests would be directly affected by the plaintiffs' claims for declaratory judgment.
The defendants had previously moved to strike the plaintiffs' entire nine count complaint on the grounds that the absence of Mr. Bridges and the failure to provide notice to him of the proceedings, rendered the proceedings fatally defective. The defendants' motion to strike was denied.
Mr. Bridges may have an interest in this case, or in the outcome of this case. He may be joined as a plaintiff, a defendant or be called as a witness. However, his presence is not absolutely required in order to assure a fair and equitable trial of the claims alleged by the plaintiffs or the special defenses raised by the defendants.
A party must be joined if the relief demanded could not be effectuated without the party being in the case. Emar Development v. William RaveisReal Estate, Inc., Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 548632 (June 28, 1995) (Corradino, J.).
Since Mr. Bridges is not a necessary party, the special defense, as stated, is legally insufficient.
The plaintiffs' motion to strike the defendants' seventh special defense is granted.
 CONCLUSION
The plaintiffs' motion to strike the defendants' first, second and sixth special defenses is denied.
The plaintiffs' motion to strike the defendants' fifth and seventh special defenses is granted. CT Page 8210
 ___________________, J. Crawford