ARTHUR A. SCOFIELD, ADMINISTRATOR (ESTATE OF LIZZIE G. SCOFIELD) *vs.* FANNIE SPELKE ET AL.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, Js.

Argued January 3d—decided February 5th, 1935.

*DeLancey S. Pelgrift,* for the appellants (defendants).

*Charles R. Covert,* for the appellee (plaintiff).

PER CURIAM. The plaintiff's decedent was killed when she was struck by an automobile owned by one of the defendants and at the time being operated by her son, the other defendant, as a family car, and the defendants have appealed from the denial of a motion to set aside a verdict rendered for the plaintiff. The decedent was crossing Summer Street in Stamford from east to west at about five-thirty p. m. on October 21st, 1933. The defendants' automobile was proceeding in a northerly direction. It was dusk, but the street lights were lighted, as were the lights on the defendants' car. There were no witnesses to the accident except the defendant driver. His testimony that he was proceeding upon his right side of the street at a speed of twenty-five to thirty miles an hour, that he did not see the decedent until the moment the car struck her, and that he then immediately put on his

brakes, stopping his car in about seventeen feet, might well have been disbelieved by the jury because of evidence that the wheels of his car left marks upon the pavement due to the application of the brakes for some seventy-five or eighty feet before it stopped. These marks, coupled with testimony as to the loud and prolonged noise made by the brakes and his own testimony as to the distance within which he could stop the car going at the speed he named, furnished a basis for a finding by the jury that he was proceeding at a high rate of speed. There was testimony from which they could have found that, had he been keeping a reasonable outlook and proceeding at a reasonable speed, with his car in reasonable control, he might in the exercise of due care have avoided striking the plaintiff's decedent. The jury could have reasonably reached the conclusion that he was negligent.

The case fell within the provisions of § 1149b of the General Statutes, Cum. Sup. 1933, which, in such a situation as is involved in this case, establishes a presumption that the decedent was in the exercise of due care and places the burden upon the defendants to prove contributory negligence. It is not a necessary conclusion from the facts which the jury might have found that the plaintiff's decedent was guilty of negligence. At just what point in the street she was struck is not fixed by any evidence, if the testimony of the defendant is disbelieved, but she was struck upon her left side by the right front of the car and after the accident her body lay upon the west half of the street. It does no violence to the facts the jury might have found to infer that, though she saw the car approaching, she judged she had time to cross in front of it before it reached her, and would have succeeded in doing so had it been proceeding at a reasonable speed; and in such a situation a conclusion that

she was not negligent would not have been an unreasonable one. *Porcello* v. *Finnan,* 113 Conn. 730, 732, 156 Atl. 863; *Catricola* v. *Hayes,* 114 Conn. 716, 717, 157 Atl. 271.

There is no error.