WESLEY CALDWELL v. J. ROMEYN DANFORTH ET AL., EXECUTORS (WILL OF MARY ELIZABETH HYDE).

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued June 9th—decided June 30th, 1938.

*Henry L. McGuire,* for the appellants (defendants).

*George C. Morgan,* with whom, on the brief, was *Griswold Morgan,* for the appellee (plaintiff.)

JENNINGS, J. The only assignment of error is predicated on the denial of the motion to set aside the verdict which found that the instrument in question was not the will of Mrs. Hyde. The plaintiff claimed that Mrs. Hyde lacked testamentary capacity and that she was unduly influenced. The verdict being general, it should stand if it can be supported on either ground. *Ziman* v. *Whitley,* 110 Conn. 108, 147 Atl. 370.

The jury could reasonably have found the following facts: Mrs. Hyde came to this country from Canada when she was eighteen years old, was twice married and childless. She survived the death of her second husband sixteen years. During this last period she lived quietly at her home in New London, usually renting rooms. She had numerous relatives of the half and whole blood. Up to the last few years of her life her relations with them had been friendly and intimate. Her feeling toward them then changed to suspicion and dislike.

Until 1932 she seems to have enjoyed fair health. In that year she was taken to the hospital suffering

from a complication of diseases, the most serious being anaemia and a tumor. She never entirely recovered her health and was hospitalized three times thereafter. She was taken to the hospital for the last time on the morning of January 12th, 1937, in very bad physical and mental condition, executed the instrument in question about three the same afternoon and died during an operation the next morning. This instrument differed from one executed in 1935 in important particulars. A bequest to a relative who had cared for her in a serious illness was reduced from five thousand dollars to one dollar; a new legatee, the person charged with having exercised undue influence, received a very substantial devise, and an institution was substituted for certain relatives as residuary legatee.

During her last years, her physical condition reacted on her mentality and she became increasingly suspicious, forgetful, disorientated, failed to understand the business on which she was engaged and lacked testamentary capacity. As is customary in such cases, the record covers a wide field of time and circumstance. The testimony of relatives and roomers to this general effect was corroborated by that of experts.

No complaint is made of the selection or conduct of the jury, of the charge or arguments of counsel. As far as appears from the record, the tribunal selected for the determination of the fact saw the witnesses, heard the mass of testimony, examined the exhibits and came to its verdict guided by proper instructions on the law. The judge who presided over the trial denied the motion to set aside the verdict. His action in that regard is entitled to great weight. *Schulte, Inc.* v. *Hewitt Grocery Co.,* 101 Conn. 750, 751, 125 Atl. 365.

The general rule is that "A verdict is not to be . . .

set aside by weighing the evidence and determining the credibility of witnesses, for this is the exclusive function of the jurymen themselves, and if they acted reasonably, their conclusion upon these points is final. It is not for us therefore to say what portions of the evidence should or should not have been believed by the jury in this case, but we are bound rather to decide whether the verdict was sound upon any reasonable and fair interpretation of the evidence." *Canfield* v. *Sheketoff,* 104 Conn. 28, 30, 132 Atl. 401. This rule has always been qualified in this State by providing that where "the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they or some of them were influenced by prejudice, corruption, or partiality" the verdict may be set aside even though based on conflicting evidence. *Burr* v. *Harty,* 75 Conn. 127, 129, 52 Atl. 724; *Bradbury* v. *South Norwalk,* 80 Conn. 298, 300, 68 Atl. 321; *Roma* v. *Thames River Specialties Co.,* 90 Conn. 18, 20, 96 Atl. 169. As indicated, the facts of this case do not bring it within this exception. "The verdict of the jury was rendered upon a considerable mass of conflicting evidence, and the jury might reasonably have come to the conclusion at which they arrived." *Reid* v. *Lord,* 102 Conn. 365, 370, 128 Atl. 521.

There was a good deal of circumstantial evidence of undue influence but since the verdict can be supported on the issue of lack of testamentary capacity the former is not discussed.

There is no error.

In this opinion the other judges concurred.