ROBERT YASEVAC, ADMINISTRATOR (ESTATE OF JOSEPH YASEVAC) *v.* NEW HAVEN AND SHORE LINE RAILWAY COMPANY, INC.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued October 3—decided November 8, 1939.

*William H. Tribou,* with whom, on the brief, was *Edward I. Taylor,* for the appellant (defendant).

*Louis Weinstein,* with whom was *Cornelius T. Driscoll,* for the appellee (plaintiff).

JENNINGS, J. Plaintiff's intestate, Joseph Yasevac, was killed by a bus operated by the defendant. The jury brought in a verdict for the plaintiff. The defendant appealed from the denial of its motion to set aside the verdict. The only question in the case is whether the plaintiff's intestate was guilty of contributory negligence as a matter of law.

The jury could have found the following facts: Yasevac had for some time been engaged with others in clearing up the damage done by the hurricane along the Boston Post Road just east of Clinton. The road at the point where the accident occurred was straight for a long distance, surfaced with black tar, and about thirty-five feet wide including the two shoulders, which together measured about seven feet. There was a white line in the center of the highway. The work of Yasevac and his companions consisted of loading brush onto a truck to be carried away and burned. The truck was parked facing west on the south side of the highway. Its right wheels were just at the edge of the highway proper as distinguished from the shoulders and the left wheels were next to the snow bank at the side of the road. About four hundred feet west of the truck was a sign reading "Slow—Men Working on Trees" which carried a red flag about eight inches square.

Yasevac was seated in the cab of the truck on the extreme right of the seat. There was a man on his left. The foreman ordered him and his companion to help load the tools onto the truck. Yasevac partially opened the door to his right and got out. As soon as he had both feet on the ground, being at that time about one foot from the side of the truck, he was

struck and killed by the right front of the bus operated by the defendant. The bus was approaching the truck from the west. There was no other traffic. The driver knew of the work being done at that point and saw the warning sign. He was traveling at a speed of forty-five miles an hour and varied neither his speed nor his course after passing the sign. The force of the impact threw the body of Yasevac a distance of over fifty feet in the air and the bus traveled about one hundred twenty-seven feet from the point of impact to the point where it stopped.

The defendant pleaded as a special defense that the plaintiff's intestate was guilty of contributory negligence and carried the burden of proof on that issue. General Statutes, Cum. Sup. 1935, § 1654c; *Scofield* v. *Spelke,* 119 Conn. 699, 700, 177 Atl. 134. Yasevac may have looked and seen the bus approaching far enough away so that it could have been driven so as to pass in safety, or he may not have looked to see whether any traffic was approaching. In either event he was entitled to assume that the driver would pay some attention to the warning sign and not go so close to the side of the truck that he would hit a person stepping down therefrom, an occurrence the possibility of which was to be anticipated under the circumstances. *Gross* v. *Boston, W. & N. Y. St. Ry. Co.,* 117 Conn. 589, 596, 169 Atl. 613; *Hubbs* v. *Edmond,* 121 Conn. 506, 509, 186 Atl. 496. The judge who heard the evidence refused to set aside the verdict and his action in regard thereto is entitled to great weight. *Caldwell* v. *Danforth,* 124 Conn. 468, 470, 200 Atl. 577. We cannot say under the circumstances that the jury was not justified in finding that the defendant had failed to prove the contributory negligence of the plaintiff's intestate by a fair preponderance of the evidence. *Case* v. *Clark,* 83 Conn. 183, 194, 76 Atl. 518; *Viretto*

v. *Tricarico,* 116 Conn. 718, 720, 165 Atl. 345; 47 A. L. R. 807, note.

There is no error.

In this opinion the other judges concurred.