JEAN LORENC *v.* THE HARTFORD HOSPITAL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued June 7—decided July 16, 1940.

*M. J. Blumenfeld,* with whom, on the brief, was *Abraham A. M. Schweitzer,* for the appellant (plaintiff).

*Arthur L. Shipman, Jr.,* with whom, on the brief, was *Walfrid G. Lundborg,* for the appellee (defendant).

JENNINGS, J. The plaintiff was injured while a patient in the defendant hospital. The trial court set aside a verdict in her favor upon the ground that it erred in its charge. She appeals from this ruling and both parties filed bills of exception.

The finding, in so far as relevant to the questions raised by the appeal, includes the following claims of proof by the plaintiff: The plaintiff entered the hospital as a maternity case. After the birth of her child (her first) she was moved to a ward. A student nurse negligently and carelessly massaged her back with carbolic acid, causing painful burns. The carbolic acid was kept in the same kind of container and in the same medicine closet as rubbing alcohol. Both were artificially colored the same rose shade in accordance with a rule of the pharmacy department. This practice was dangerous and negligent. The pharmacy department and its rules were governed, controlled and under the general supervision of the managing direc-

tor of the hospital. He was incompetent to fulfill the duties and to perform the tasks required of him. The hospital examined into his qualifications and was negligent in selecting and retaining him. This negligence was the proximate cause of the injuries received by the plaintiff.

The hospital offered evidence and claimed to have proved that it was a charitable institution and that it exercised due care in employing its agents and servants and in the management of the hospital.

The trial court charged the jury that the question as to whether the hospital was a charitable institution was one of fact and that if it was such, the only basis on which the plaintiff could recover was under her allegation that it was negligent in the employment of its servants and agents. It also charged that if it was not a charitable institution, the plaintiff could recover for the negligence of the defendant, its servants and agents. The jury rendered a verdict for the plaintiff and, in response to an interrogatory submitted by the trial court, found that the hospital was not a charitable institution. The trial court set the verdict aside on the sole ground that it should have charged directly that the hospital was a charitable institution or at least have defined the term.

Two facts are disclosed by the verdict and answer to the interrogatory. The jury found that the hospital was not a charitable institution and found that it was liable. Whether the liability was based on the negligence of the hospital's agents and servants or on its negligence in employing them cannot be determined. That the trial court erred in not charging that the hospital was a charitable institution is not questioned on this record, and the validity of the doctrine that a charitable institution may be liable when it negligently

employs incompetent servants and agents is not in dispute. Note, 14 A. L. R. 572, 599.

The plaintiff claims that even though error was committed in failing to charge that the hospital was a charitable institution, the general verdict on the main question of liability may have been based on the ground as to which no error was committed, the negligent employment of incompetent servants and agents, and that it must therefore be sustained under the rule that, in the case of a general verdict, error as to one alone of several grounds of action or defense will not be cause for reversal. *Knight Realty Co., Inc.* v. *Caserta,* 126 Conn. 162, 166, 10 Atl. (2d) 597. The complaint in this case was in three counts. The first set up a contract on the part of the hospital to care for the plaintiff and its breach alleged to consist in injury through negligence of the servants, agents and employees of the defendant. The second charged negligent employment of unfit and unsuitable employees. The third alleged the maintenance of a nuisance. While the trial court stated at the outset of its charge that it would submit the case on the second count only, the second count included the allegations of the first by reference and the separate and distinct causes of action raised by both were submitted to the jury. The situation was equivalent to that which exists when two causes of action are stated in a complaint without division into counts. This requires that if the defendant wished to protect itself against the effect of a general verdict, it should have submitted interrogatories. *Ziman* v. *Whitley,* 110 Conn. 108, 115, 147 Atl. 370; *Parker* v. *Hartford,* 122 Conn. 500, 504, 190 Atl. 866; *Caldwell* v. *Danforth,* 124 Conn. 468, 469, 200 Atl. 577; *Knight Realty Co., Inc.* v. *Caserta,* supra. No interrogatory having been submitted from which

the ground on which the verdict was rendered can be ascertained, the verdict stands.

The bills of exceptions, following the wording of Form 651 in the Practice Book, are predicated upon the granting of a new trial. This form is not adapted to a situation where, on an appeal from the granting of a motion to set the verdict aside, a new trial is sought upon the basis of errors assigned in the bill of exceptions even though the setting aside of the verdict is found erroneous. Practice Book, § 364. However, an examination of the defendant's bill of exceptions discloses that the only claims of error therein made which are pressed in its brief are so clearly without foundation as not to require discussion.

There is error and the case is remanded with direction to enter judgment on the verdict.

In this opinion MALTBIE, C. J., and AVERY, J., concurred.

ELLS, J. (dissenting). I do not question the general verdict rule, but think that the charge in its entirety failed to make the situation clear to the jury, and that the poison of the error in leaving to the jury the question whether the hospital was a charitable institution permeated its entire process of reasoning. It clearly resulted in an unfair trial. The trial court thought so; it lived with the case, and its judgment is entitled to great weight. I think there ought to be a new trial.

In this opinion BROWN, J., concurred.