TRAUGOTT KIPRY, ADMINISTRATOR (ESTATE OF JOHANNA KIPRY) v. GRACE NEW HAVEN COMMUNITY HOSPITAL

SUPERIOR COURT NEW HAVEN COUNTY FILE NO. 69979

Memorandum filed December 30, 1947.

*Louis Feinmark,* of New Haven, for the Plaintiff.

*Gumbart, Corbin, Tyler & Cooper,* of New Haven, for the Defendant.

ALCORN, J. The plaintiff administrator's complaint seeks to recover damages for the death of a patient in the defendant hospital allegedly caused by a defective ceiling falling on the patient while she was in an oxygen tent. The allegations of

negligence are in two paragraphs. Paragraph 7 states in substance that the fall of the ceiling and the decedent's death were proximately due to the corporate negligence of the defendant in that it did not provide a proper system for inspecting its buildings and the rooms therein; did not employ sufficient persons to make such inspection, or sufficiently skilled inspectors; did not inspect the ceiling or remedy the condition which proper inspection would disclose; and did not have sufficient nurses and attendants on hand to care for the decedent after the ceiling fell. In paragraph 8 it is then alleged that the defendant was further negligent in that its servants and agents failed to make proper inspection, to repair the ceiling before it fell, and to remove the deceased from the room when they knew or reasonably should have known of the defect.

As a special defense the hospital pleads that it is a charitable corporation without capital stock whose members derive no profit from its operation.

The plaintiff demurs to this special defense for the reason that no complaint is made of the medical or nursing care furnished the patient but recovery is sought because of defendant's failure to keep its premises in reasonably safe condition, for which failure it is liable like any other owner of property regardless of the fact that it is a hospital operated without profit.

Thus is raised "the vexed question of the extent of the liability in tort of an eleemosynary corporation." *Cohen* v. *General Hospital Society,* 113 Conn. 188, 190. The defense demurred to arises as a result of the principle first enunciated in this state in *Hearns* v. *Waterbury Hospital,* 66 Conn. 98, 126, namely, "that a charitable corporation like the defendant—whatever may be the principle that controls its liability for corporate neglect in the performance of a corporate duty—is not liable, on grounds of public policy, for injuries caused by personal wrongful neglect in the performance of his duty by a servant whom it has selected with due care; but in such case the servant is alone responsible for his own wrong."

In reaching its conclusion in that case the court did not exempt a public charitable corporation from liability in all negligence actions. On the contrary it clearly distinguishes between the legal principle which makes one liable for his own negligent act though done through another, and that which makes him responsible for an act not his own because the actor is his

servant or agent. It is the latter situation to which the doctrine of the *Hearns* case expressly applies. That case then, is authority for the proposition that a public charitable corporation is not liable, as a matter of public policy, under the general doctrine of respondeat superior, for the negligent acts of its agents (but not its own) when it has selected the agents with due care.

Subsequent decisions have adhered to and fortified this principle. *Bunnell* v. *Waterbury Hospital,* 103 Conn. 520; *Cohen* v. *General Hospital Society,* supra, 198; *Cashman* v. *Meriden Hospital,* 117 Conn. 585; *Boardman* v. *Burlingame,* 123 Conn. 646; *Lorenc* v. *Hartford Hospital,* 127 Conn. 194; *Edwards* v. *Grace Hospital Society,* 130 Conn. 568; *Tocchetti* v. *Johnson Memorial Hospital,* 130 Conn. 623; *Haliburton* v. *General Hospital Society,* 133 Conn. 61; *Evans* v. *Lawrence & Memorial Associated Hospitals,* 133 Conn. 311.

None of the decided cases imply that a hospital is exempt, because of its public charitable nature, from its own acts of negligence, commonly referred to as "corporate negligence." *Edwards* v. *Grace Hospital Society* supra, pages 570-572. And one not a patient is entitled to recover for negligent acts not only of the hospital itself, *Bunnell* v. *Waterbury Hospital,* supra, but also for the negligent act of hospital employees. *Cohen* v. *General Hospital Society,* supra.

If under the allegations of the complaint, therefore, only acts of corporate negligence may be proved, the special defense would not be good, but if under his allegations the plaintiff could offer evidence of the personal negligence of employees or agents of the hospital, the special defense is not open to attack on this demurrer. Definitions of "corporate negligence" as distinguished from "personal" negligence of emplyoees received at least tacit approval of our Supreme Court as follows: Personal negligence is "an act of negligence done on the persons's own responsibility and of his own motion, as distinguished from an act, even though negligent, done by, because of, and in conformity to the direction of the board of trustees or the executive committee." Corporate negligence is "negligence on the part of the board of trustees, acting as a board, or negligence on the part of the executive committee, acting as such committee within the scope of authority granted to it by the board of trustees." *Tocchetti* v. *Johnson Memorial Hospital,* supra, 627.

It seems clear that the allegations of negligence in paragraph 7 of the complaint amount in substance to claimed corporate negligence in failing properly to supervise the hospital building and to guard the deceased from dangers arising from its faulty maintenance. It is a little difficult to understand the distinction which the plaintiff apparently intends to make in paragraph 8 in his allegations of negligence upon the part of the servants and agents of the hospital. That some distinction is intended, however, is clear from a reading of paragraph 7 and 8 together, because in paragraph 7 one allegation is that the defendant was negligent "in that it failed to inspect the walls and ceilings of its said rooms and failed to remedy the conditions of said walls and ceilings, . . .". The defendant as a corporation must necessarily act through human agencies and consequently the allegation that it failed to inspect necessarily implies a failure of its servants or agents to make the inspection. Consequently, when we come to the allegations of paragraph 8 that "the defendant was further negligent in that its servants and agents failed to make proper inspection of the ceiling of said room, so as to disclose said defect, and repair the same," it would appear that the plaintiff is there attempting to set up some act of negligence upon the part of the servants and agents of the defendant independent of acts done by, because of, or in conformity with, directions from the defendant. Just what these acts could be is not now clear but the court is not entitled to assume that the allegations are mere surplusage. If it develops on the trial that the plaintiff is resting his case on acts of corporate negligence alone, the situation can be handled without harm to either party by proper instructions to the jury at that time with respect to the special defense. In view of the apparent intent upon the record to claim some act of personal negligence upon the part of employees, the defendant should not be deprived by a ruling on demurrer of what may be a proper defense.

For the reasons stated, the demurrer is overruled.