The error assigned in this case is the claim that the plaintiff had failed to prove the essential allegations of her complaint, and that as a matter of law the court should have directed a verdict for the defendant or set aside the verdict or rendered a judgment non obstante verdicto. Other error is predicated upon the court's claimed failure to charge the jury as requested.
An appellate court, in reviewing a motion to set aside a verdict, acts primarily upon the decision of the trial court. The trial court has large discretion in acting upon the motion; however, it is a legal discretion, and an appellate court interferes only where the trial court misapplies or mistakes some principle of law, or manifestly abuses a discretion.McKone v. Schott, 82 Conn. 70, 71. In the weighing of such a motion, based on the insufficiency of the evidence, great weight is to be given to the decision of the trial court, and every reasonable presumption is to be made in its favor, for the trial court and the jury have had the advantage of hearing the testimony and seeing the witnesses. Caldwell v.Danforth, 124 Conn. 468, 471. On appeal, the evidence and the facts are to be taken in the light most favorable to sustaining the verdict. Uncas PaperCo. v. Corbin, 75 Conn. 675, 677. "The concurrence of . . . the jury, especially when their conclusion is supported by the presiding judge, all of whom have had the opportunity of seeing and hearing the witnesses, comes to this court with weighty considerations in its favor, and should and will not be disturbed unless it clearly appears that the action of the jury was unreasonable or motivated by improper considerations, or that the presiding judge has exceeded his discretionary control over the verdict."Amellin v. Leone, 114 Conn. 478, 479.
It is the right of the jury, as the trier, to accept all or part of the testimony of any witness, though *Page 66 
opposed by others; to resolve discrepancies in the testimony of witnesses; or to believe or disbelieve evidence as the jury may see fit. Zullo v. Zullo,138 Conn. 712, 715; DeLahunta v. Waterbury, 134 Conn. 630,635; Chase v. Fitzgerald, 132 Conn. 461, 465;Lockwood v. Helfant, 126 Conn. 584, 586. The trier may also draw reasonable and logical inferences. Whether the facts proven warrant a particular inference is for the trier to determine, and its conclusions must stand unless no reasonable person could reach them. Bruce v. McElhannon, 141 Conn. 44,47.
The jury might have found the following facts: On March 3, 1960, and for some time prior thereto, the defendant owned and operated a supermarket on Albany Avenue in Hartford. The store had one entranceway, with large windows on either side of the front door reaching from the floor to the ceiling. Inside the entranceway, the floor was constructed of terrazzo. The outdoors was clearly visible from inside through the large windows. Immediately inside the front door, on the entrance floor of terrazzo, with no abrasive substance on it, was a rubber mat measuring four and one-half feet long. This mat did not cover the whole entranceway, for in each rainstorm or snowstorm the defendant would lay a large, eighteen-foot rubber mat inside, as an extension from the smaller mat. Had this large mat been down at the time of the plaintiff's fall, it would have covered the entire area of the situs of the accident.
The evidence from the weather reports was conflicting. The plaintiff's exhibit 4 was the report of the Travelers weather service. These observations were made in downtown Hartford and not too far from the site of the accident. Defendant's exhibit A was the report of the United States weather bureau. These observations were made at Bradley Field, some miles from the defendant's supermarket. *Page 67 
The jury had a right to choose the plaintiff's weather report as having greater applicability to the problem at hand, as they apparently did. DeLahunta
v. Waterbury, supra; Zullo v. Zullo, supra. The jury could have found from the weather report and the other physical facts that it had commenced to snow near the premises of the defendant at 11 a.m. on the morning of the accident. At first the snow did not adhere to the ground. By 2 p.m. three-hundredths of an inch of snow had fallen.
At approximately 1:20 p.m. on this day, the plaintiff, a housewife forty-six years old, started to walk from a friend's house to the store of the defendant, arriving there some five or six minutes later. As she walked along, the snow was falling and melting as it struck the ground. She was wearing shoes with leather heels, and the jury could have found, and indeed could hardly escape finding, that the bottoms of her shoes became wet. As the plaintiff entered the store, at approximately 1:26 p.m., she stepped first on the small rubber mat, then on the terrazzo floor where the large rubber mat would ordinarily have been, had it been in place. As she stepped on the terrazzo floor, her left foot slipped from under her and she fell backward, landing upon her back about two feet beyond and inside from the floor mat, sustaining personal injuries.
It had snowed in varying amounts from 11 a.m. to 1:26 p.m. The weather conditions were clearly visible from the inside of the store through the large windows facing the street. The plaintiff's coat became wet after she fell, and she then also noticed that the floor was wet. There were forty or fifty people in the store; it was on a Thursday, which was a busy day. The jury could properly conclude that persons entering the store had tracked moisture into the entranceway, and were entitled to draw the inference that the floor was wet for a sufficient *Page 68 
length of time to charge the defendant with constructive notice of its condition, and a sufficient length of time to remedy it. Hennessey v. Hennessey,145 Conn. 211, 215.
The test of the logic of the inference is whether the evidence, fairly and impartially considered, is likely to induce in the minds of men of ordinary intelligence, attentively considering it and using common-sense logic, a reasonable belief that it is more probable than otherwise that the fact in issue is true, and it is not necessary that the inference drawn by the trier should preclude every other reasonable hypothesis. International Brotherhood v. Commissionon Civil Rights, 140 Conn. 537, 542; Gleba v.New Britain, 133 Conn. 85, 88.
Quite apart from the inference that could logically be drawn to support the view that the defendant knew or should have known of the wet condition of the entrance floor, the fact of the matter is that the defendant kept a rubber mat approximately four feet wide and eighteen feet long to put down in bad weather because it was aware of the fact that water was tracked in on such occasions. The argument advanced that the jury could find the floor wet but that as a matter of law could not find the floor slippery is contentious and without merit. In wet weather, the defendant would lay down the large rubber mat. The jury could reasonably infer that when the floor was wet it was slippery. From its custom of using the large mat under such conditions, the defendant clearly had advance knowledge of the conditions that would probably develop in that entranceway when it rained or snowed. The jury could reasonably have concluded that the duty of reasonable care owed to the plaintiff under the existing conditions demanded that at 11 a.m. that morning, or shortly thereafter, when it started to snow, the defendant should have put the large *Page 69 
rubber mat down, to guard against the reasonably anticipated eventuality that people would track in water, making the floor slippery and causing someone to fall. The defendant owed the plaintiff, a business invitee, the duty of exercising reasonable care to keep its premises in a reasonably safe condition for the reasonably to be anticipated use which the plaintiff would make of them. This it did not do.Geoghegan v. G. Fox Co., 104 Conn. 129; Laube
v. Stevenson, 137 Conn. 469; Flora v. Great Atlantic Pacific Tea Co., 330 Pa. 166; Restatement, 2 Torts § 332.
Although the precise language of the defendant's request to charge was not used by the court, its duty was fulfilled by incorporating the substance of the request in the body of the charge in its own language. The charge was proper as given. See Goodman
v. Norwalk Jewish Center, Inc., 145 Conn. 146,150; Crowder v. Zion Baptist Church, Inc.,143 Conn. 90, 99; 1 Wright, Conn. Jury Instructions § 4. "The tests of a charge are its accuracy in law, its adaptability to the issues, and its sufficiency as a guide to the jury in reaching a correct verdict."D'Addario v. American Automobile Ins. Co.,142 Conn. 251, 254; 1 Wright, op. cit., § 2; Maltbie, Conn. App. Proc. § 76.
 There is no error.
In this opinion JACOBS and KINMONTH, JS., concurred.