### STATE OF CONNECTICUT v. GREGORY GRAHAM

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 17-4283

Argued May 16—decided June 3, 1966

*James E. Hayes,* of Bristol, for the appellant (defendant).

*M. Paul Mikolitch,* assistant prosecuting attorney, for the appellee (state).

LEVINE, J. The defendant was convicted of the crime of larceny under $15 in violation of § 53-63 (a) of the General Statutes and has appealed, assigning error in the admission of evidence and in the denial of his motion to set the verdict aside.

On August 28, 1965, three young men, carrying a shopping bag, were seen by a clerk in the W. T. Grant store carrying six pairs of trousers into a dressing room and emerging with two pairs and without the bag. When the clerk checked the dressing room he found the shopping bag, containing four pairs of trousers and phonograph records. Keeping the three young men, who had gone out of the store, under surveillance, the clerk saw the defendant in conversation with them. Thereafter, the defendant approached the clerk and asked him what would happen if he went in and got the shopping bag which the three young men had left behind. He was advised that he could be held for shoplifting. In spite of the warning, the defendant went in, got the bag, and was apprehended by the clerk and the assistant manager as he went out the exit door. A search of the bag disclosed the trousers and records; the trousers were identified at the scene and at the trial by their brand name, and the records by the twenty-two-cent sales stamp affixed to them, although the stamp did not contain Grant's name. The police were called, and at the trial the police officers identified the goods as those taken by them into custody at the W. T. Grant office, where the defendant and the store employees had gone pending the officers' arrival, and kept by the officers until the trial.

The defendant claims that the admission of the records into evidence was error in that the state failed to prove their ownership. He raises no such objection to the admission of the trousers. The evidence with respect to the records discloses that they were seen by the clerk in the dressing room and by the clerk and the store manager at the exit door in the bag carried by the defendant, and that they were taken into custody for safekeeping by the police officers, who identified the records as those received by them at the store. Affixed to the records was a twenty-two-cent stamp, and Grant's store was conducting a sale of records at twenty-two cents each on that day. The court was correct in admitting the records as an exhibit, their identification with the records found in the shopping bag at the store in the possession of the defendant having been established by the testimony of the clerk, the assistant manager and the police. While the state had to prove ownership of the property taken, or that it was the property of another, as an element of larceny, it was not necessary to offer that proof prior to the admission of the exhibit.

The appellate court in reviewing the trial court's denial of a motion to set aside the verdict examines all the evidence and determines whether sufficient evidence was presented to the jury upon which to base a conviction, and the verdict will not be disturbed if there is any reasonable ground for the jury's action. The evidence is to be considered in the light most favorable to sustaining the verdict. *Caldwell* v. *Danforth,* 124 Conn. 468, 471; *Uncas Paper Co.* v. *Corbin,* 75 Conn. 675, 677; *Amellin* v. *Leone,* 114 Conn. 478, 479; Maltbie, Conn. App. Proc. § 211. In the consideration of this claim of error, great weight should be given to the ruling of the trial court, and all reasonable presumptions resolved in its support. *Butler* v. *Steck,* 146 Conn.

114, 116; Maltbie, op. cit. § 190. It was incumbent upon the state to prove the ownership of the records, or that they were the property of another, as one of the elements of larceny. *State* v. *Sawyer,* 95 Conn. 34, 36; *State* v. *Enanno,* 96 Conn. 420, 422. The evidence discloses that the records carried a stamp marked twenty-two cents and that W. T. Grant had a sale of records at twenty-two cents on that day; that the records were in the same shopping bag as the trousers, whose ownership the defendant did not question; and that the records with the stamp were found on the defendant at the scene and had been held continuously in the custody of the Bristol police. The question by the defendant to the clerk as to what would happen to him if he picked up the bag indicated that the defendant had knowledge that what was in the bag was the property of another. There was ample evidence from which the jury could find that the phonograph records were the property of another. *State* v. *Sawyer,* supra; *State* v. *Enanno,* supra.

The defendant raises no claim of error with respect to the four pairs of trousers found in the bag, and therefore the guilty verdict could be sustained solely on the showing of their taking. The defendant claims on oral argument that if the records were wrongly admitted into evidence the case falls within the rule of *Fahy* v. *Connecticut,* 375 U.S. 85, 86, and *State* v. *Miller,* 152 Conn. 343, 348; and while he does not question the conviction on the basis of ownership of the trousers, he contends that the introduction of the claimed illegal evidence (the records) was prejudicial. The rule enunciated in both cases cited is to the effect that erroneously admitted evidence which is prejudicial to the defendant in that there is a reasonable possibility that the evidence might have contributed to the conviction is grounds for a reversal in spite of the fact that

there is other substantial evidence upon which the conviction may be sustained. The defendant did not raise this question in the trial court, in his assignment of errors, or in his brief. Since it was raised in this court for the first time, we do not consider it. Practice Book §§ 652, 1019.

There is no error.

In this opinion PRUYN and JACOBS, Js., concurred.