[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, the plaintiff, Dionilde Viera, seeks to recover from the defendant, K Mart Corporation, for injuries sustained when she fell in the defendant's store located at 188 Silas Deane Highway, Wethersfield, Connecticut on February 8, 1986.
The plaintiff testified that at approximately 11:30 a.m. on February 8, 1986, she slipped on water in the defendant's store. She further testified that the floor where she fell did not appear wet and she saw no footprints, or other tracks on the floor. She concluded that she slipped on water because after CT Page 3360 she had fallen, she felt a thin film of water on the floor.
Theresa Vitaliano, who was employed by the defendant on the day the plaintiff fell, testified that there were mats at the entrance to the store, but the mats were not collecting all excess water. She further testified that employees were mopping up excess water as needed but no employees had mopped up the area where the plaintiff fell. Ms. Vitaliano did not know whether there was any water on the floor in the area of the plaintiff's fall.
Joanne Ward, another employee of the defendant, testified that business at K Mart was slow during the morning of the plaintiff's fall. She stated that customers were not tracking water into the store. She walked by the location of the plaintiff's fall prior to the accident and observed that the floor in the area was not wet. She also testified that she had observed no one using a mop in the area of the plaintiff's fall prior to the accident.
Officer Russo, a police officer who arrived after the plaintiff's fall, testified that the floor in the area near the plaintiff's feet appeared to be wet.
Weather reports indicated that some snow had fallen during the night before the accident. They further indicated that the temperature on the date of the accident was below freezing, and had reached 25 degrees at the time of the plaintiff's fall. The store parking lot had been plowed by the time Ms. Vitaliano and Ms. Ward arrived for work between 8:30 a.m. and 9:00 a.m.
The defendant had a duty to the plaintiff, an invitee, to use reasonable care to maintain the premises in a reasonably safe condition. Romenici v. Trumbell Electric Mfg. Co.,145 Conn. 691, 693, 146 A.2d 416 (1958); Delmore v. Polinsky,132 Conn. 28, 30, 42 A.2d 349 (1945). To establish liability, the plaintiff must prove that there was some defect on the premises which made the premises unsafe and that the defect was the proximate cause of the plaintiff's injuries. Fogarty v. M. J. Benchler [Beuchler] Sons, Inc., 124 Conn. 325, 329, 199 A. 550 (1931). The plaintiff must also prove that the defect which caused her injuries, the water on the floor, was present for a sufficient period of time so that the defendant had the opportunity to discover and remedy it. Drible v. Village Improvement Co.,123 Conn. 20, 23, 192 A. 308 (1937); Monahan v. Montgomery,153 Conn. 386, 390, 216 A.2d 824 (1966). Notice to the defendant must be "of the defect itself which occasioned the injury and not merely conditions naturally productive of that defect and subsequently in fact producing it." Drible, supra, at 23. CT Page 3361
The plaintiff produced no direct evidence to establish that the defendant had notice of the water on the floor. To the contrary, the plaintiff testified that the water on which she slipped was such a thin film that she was not able to see it, and only realized it was present after she fell. There was no evidence presented as to the length of time the thin film was on the floor.
The plaintiff has also failed to introduce evidence which preponderates in favor of a finding that the defendant had constructive notice of the presence of water on the floor. The area of the floor where the plaintiff fell had no footprints, track marks or other evidence from which the court could infer that the water had existed on the floor for a sufficient length of time to permit its detection by the defendant.
The plaintiff argues that the evidence permits an inference that the defendant's employees wet-mopped the area in question, and, therefore, had notice of the floor's wet condition. The court cannot draw such an inference because both Ms. Vitaliano and Ms. Ward testified that the area in question had not been wet-mopped prior to the accident.
The plaintiff urges the court to find constructive notice of the wet condition of the floor here based on Lagana v. Stop Shop, Inc., 24 Conn. Sup. 64, 186 A.2d 565 (1962). In Lagana the court held that the jury could have inferred that the defendant had constructive notice of the wet condition of the floor where the plaintiff fell based on the following factors: 1) it was snowing when the plaintiff fell and had snowed continuously for two and one half hours prior to the fall; 2) the defendant's store was busy; 3) the defendant failed to place a large mat in the entranceway to the store as it usually did when the weather was wet; 4) the plaintiff slipped immediately upon stepping from the existing entranceway mat to the terrazzo floor, and; 5) the plaintiff's clothing because wet when she fell and she observed water on the floor.
In Lagana a preponderance of the evidence supported a finding that patrons of the defendant's store were tracking water into the store and there was a significant amount of water where the plaintiff fell. This evidence was sufficient to permit an inference that the defendant had constructive notice of the presence of the wet condition of the floor. However, in the present case, a preponderance of the evidence does not suggest that patrons were tracking water onto the area of the plaintiff's fall. The plaintiff's own testimony indicated that there was only a "thin film" of water on the floor where she fell. It was so thin that it was not visible to her as she walked in the store. There is insufficient evidence to permit CT Page 3362 the court to infer that the defendant had any notice of the defect alleged by the plaintiff.
Based on the foregoing, judgment is hereby entered in favor of the defendant.
BY THE COURT AURIGEMMA, JUDGE