[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION TO STRIKE (#124)
ISSUES
1. Whether the third count of the amended complaint, sounding in negligence, is legally insufficient because there is no duty on a real estate broker to keep the premises of a client of the broker safe where the broker has no possession or control of the premises.
2. Whether the fifth count of the amended complaint, sounding in nuisance, is legally insufficient because the plaintiffs were not exercising a public right nor did they have an ownership interest in the client's premises at the time of the accident.
3. Whether the eighth and tenth counts of the amended complaint, sounding in loss of consortium based on the third and fifth counts, are legally insufficient because the third and fifth counts are legally insufficient and because loss of consortium is a derivative cause of action.
FACTS
The following facts are alleged in the amended complaint, #120.50. At all relevant times, the subject premises were CT Page 4469 owned and controlled by the defendants, Charles J. Browne and Lynn M. Browne (the "Brownes"). At all relevant times, the plaintiffs, Jeanna M. Franklin and Joseph Franklin, were prospective purchasers of the subject premises, which were listed for sale by the Saraceno Agency. The Saraceno Agency was a sole proprietorship owned by Nicholas A. Saraceno, Sr. Nicholas A. Saraceno, Sr. died on May 7, 1991; his estate is represented by the defendant Janice M. Saraceno. who was appointed Executrix of the estate of Nicholas A. Saraceno, Sr. by the Middletown Probate Court on June 10, 1991 (Nicholas A. Saraceno, Sr., Janice M. Saraceno and the Saraceno Agency will be collectively referred to hereinafter as "Saraceno").
On September 19, 1989, Jeanna M. Franklin was being shown the subject premises, which were unoccupied, by an agent, employee or representative of the showing broker, defendant Brainard Agency, Inc. ("Brainard"). At this time, the agent, employee or representative of Brainard was unable to open a "lock box" on the front door of the premises. The "lock box" had been placed on the front door by Saraceno. As a result of the inability to gain entrance through the front door the agent, employee or representative of Brainard led Jeanna Franklin to alternate doorways and led Jeanna Franklin up wooden stairway (the "stairway") to the back door of the subject premises. Upon failing to gain entrance through the back door, the agent, employee or representative of Brainard led Jeanna Franklin down the wooden staircase. As Jeanna Franklin was descending the stairway, she slipped and fell, resulting in injuries to her.
The third count of the amended complaint alleges that the accident was caused by the negligence of Saraceno in that Saraceno failed to exercise reasonable care to inspect the premises, failed to provide a safe entrance to the premises, and installed a "lock box" which was difficult or impossible to open and which Saraceno should have know would lead to the use of the rear stairway which was in a defective and dangerous condition.
The fifth count alleges that the accident was caused by the construction and/or maintenance of a nuisance by Saraceno.
The eighth count alleges that Joseph Franklin has suffered loss of consortium resulting from the negligence of Saraceno.
The tenth count alleges that Joseph Franklin has suffered loss of consortium resulting from the nuisance created by Saraceno.
Saraceno now moves to strike the third, fifth, eighth CT Page 4470 and tenth counts of the amended complaint.[1]
DISCUSSION
"The motion to strike is used to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989), citing Practice Book 152. The pleadings susceptible to a motion to strike are the "complaint, counterclaim, cross-complaint, prayer, answer [and] special defense." Deutsche Bank Co. v. Hermann, 4 CSCR 771 (September 28, 1989, Cioffi, J.), citing Practice Book 152. In reviewing the legal sufficiency of a pleading, the trial court must "assume the truth of the facts alleged and construe them in the light most favorable to sustaining the sufficiency of the [pleading]. Michaud v. Wawruck, 209 Conn. 407, 408, 551
A.2d (1988)." Bouchard v. People's Bank, 219 Conn. 465, 467,594 A.2d 1 (1991). The motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1986) (emphasis in original). "[I]f facts provable under the allegations would support a defense or a cause of action, the [motion to strike] must fail." Ferryman v. Groton, supra, 142 (citations omitted).
I. Negligence
Saraceno argues that an allegation that the defendant is in possession or control of the premises is essential to any cause of action arising out of injuries sustained in connection with real property. Mack v. Clinch, 166 Conn. 295, 296 A.2d (1974); Wright, Fitzgerald Ankerman, Connecticut Law of Torts (3rd. ed.), 46, p. 108. Saraceno points out that the first paragraph of all counts of the complaint alleges that the Brownes were in possession and control of the premises and that the complaint contains no allegation that Saraceno was in possession and control of the premises.
The plaintiffs counter that this case is not a "premises liability' case but rather a "straight negligence" case. The plaintiffs note that a duty of care may arise "when the activities of two persons come so in conjunction that one's lack of care is likely to cause injury to the other." Wright, Fitzgerald and Ankerman, Connecticut Law of Torts (3d. ed.). 29. p. 45, citing Borsoi v. Sparico, 141 Conn. 366, 370,106 A.2d 181 (1954) and Hedderman v. Robert Hall of Waterbury Inc.,145 Conn. 410, 413, 144 A.2d 60 (1958). The plaintiffs argue that to hold that everyone except the occupier of land is immune from liability for negligence committed on the land would be a grievous misstatement of the law. CT Page 4471
 "Negligence is a breach of duty." Urban v. Hartford Gas Co., 139 Conn. 301, 304, 93 A.2d 292 (1952). The existence of a duty is a question of law and "[o]nly if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." Shore v. Stonington, 187 Conn. 147, 151-52, 444 A.2d 1379 (1982).
Petriello v. Kalman, 215 Conn. 377, 382-83, 576 A.2d 474 (1990). "The owner of the real estate has the continuing duty to maintain the property after the architect or engineer has completed his work," Zapata v. Burns, 207 Conn. 496, 512-13,542 A.2d 700 (1988); see also Viera v. K Mart Corporation,7 CSCR 522 (April 8, 1992, Aurigemma, J.). The only exception to this rule is where
 the owner of the premises employs an independent contractor to perform work on [the premises], the contractor, and not the owner, is liable for any losses resulting from negligence in the performance of the work. [Citations omitted.] The basic premise is that the assumption and exercise of control over the offending area is deemed to be in the independent contractor.
Darling v. Burrone Bros., Inc., 162 Conn. 187, 196,292 A.2d 912 (1972). Because the plaintiffs have alleged that the Brownes were in control of the premises, there is no duty on any party other than the Brownes to maintain the premises in a reasonably safe condition.
II. Nuisance
Saraceno argues that the plaintiffs' fifth count is legally insufficient because the plaintiffs have failed to allege either that Jeanna Franklin was exercising a public right or that she had any ownership interest in the subject premises.
The plaintiffs argue that Saraceno's motion to strike is an improper speaking motion in that it states that "plaintiffs were not in the exercise of a public right nor did they have any ownership interest in the subject premises at the time of the accident."
 There are two types of nuisance: public and private. "`[N]uisances are public where they violate public rights, and produce a common injury,' and where they constitute an obstruction to private rights, `that CT Page 4472 is, the rights enjoyed by citizens as part of the public'. . . `[I]f the annoyance is one that is common to the public generally, then it is a public nuisance . . . .The test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its rights. A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence." (Citations omitted.)" Couture v. Board of Education, 6 Conn. App. 309, 314-15, 505 A.2d 432 (1986). "A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land." Webel v. Yale University, 125 Conn. 515, 525, 7 A.2d 215
(1939). . . .
. . . .
 To state a cause of action in public nuisance, the plaintiff must make an additional allegation, specifically "that the condition or conduct complained of interfered with a right common to the general public." Doe v. Manheimer, 212 Conn. 748, 755-56, n. 4, 563 A.2d 699 (1989).
White v. Adams, 7 CSCR 520, 520-21 (April 8, 1992, Dranginis, J.) (citations omitted).
Because the plaintiffs have alleged that the Brownes were in control of the premises, the plaintiffs' have failed to state a cause of action sounding in private nuisance. Because the plaintiffs have failed to allege that Jeanna Franklin was exercising a public right, the plaintiffs' have failed to state a cause of action sounding in public nuisance.
Furthermore, a motion to strike is not rendered defective by the moving party's allegation of facts not contained in the pleadings where these facts are not relevant to the argument contained in the motion. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 349, 576 A.2d 149 (1990). Because the plaintiffs have failed to allege that Jeanna Franklin was the owner of the land or that she was exercising a public right when the accident occurred, the facts alleged in Saraceno's motion are irrelevant and, therefore, do not render Saraceno's motion defective.
III. Loss of Consortium
Because "a consortium action is derivative of the injured spouse's cause of action,' it stands or falls with the injured CT Page 4473 spouse's claim. Sanzone v. Board of Police Commissioners,219 Conn. 179, 199, 592 A.2d 912 (1991).
CONCLUSION
The motion to strike is granted because the third, fifth, eighth and tenth counts are legally insufficient.
AUSTIN, J.