[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action brought by the plaintiff, Mrs. Carol Dalton, against the defendant, Stop Shop Co., as the result of a fall while shopping at their store on Division Street in Derby. The basis for the action is the alleged negligence of the defendant.
The evidence presented to the court discloses that on May 21, 1994 in the latter part of the morning, the plaintiff entered the store in question to do her weekly grocery shopping. Upon entering the store, she noticed that it was customer appreciation day and they were serving soft drinks and cookies. She recollects that orange juice was among the drinks being served. Customers were being allowed to take their drinks with them as they went about their shopping. CT Page 7357
Near the end of her shopping she entered the frozen food aisle going from the rear toward the front of the store. After traveling about three quarters of the way up the aisle, she slipped on a foreign substance causing her to fall, sustaining the alleged injuries. Her attention at the time was focused on the specials of the day which were posted inside of the freezer doors. As she fell, her left shoulder struck the freezer door and as she was falling, her left arm went back and she felt a pulling sensation.
After recovering from her fall, she noticed what she described as an orange-y substance on the aisle floor. There were track marks from shopping carts zigzagging through the substance as well as several footprints. The orange-y substance could be seen in the aisle up ahead as well as behind her. In describing the track marks and footprints she made reference to them being mixed in with dirt giving rise to the assumption that the substance had been there for a sufficient length of time so as to give constructive notice of the condition to the owner giving them more than a reasonable period of time to remedy the condition.
Whether it existed for sufficient period of time to charge the defendant with constructive notice of the condition and a sufficient length of time to remedy it is a question of fact for the trier to determine. Lagana v. Stop Shop, Inc.,24 Conn. Sup. 64, 67-68; Hennessey v. Hennessey, 145 Conn. 211, 215.
"The test of the logic of the inference is whether the evidence, fairly and impartially considered, is likely to induce in the minds of men of ordinary intelligence attentively considering and using common-sense logic, a reasonable belief that it is more probable than otherwise that the fact in issue is true, and it is not necessary that the inference drawn by the trier should preclude every other reasonable hypothesis." Id. 68;International Brotherhood v. Commission on Civil Rights,140 Conn. 537, 542; Gibs v. New Britain, 133 Conn. 85, 88.
The evidence discloses that it was the policy of Stop Shop, Inc. to conduct a total sweep of the store every three hours. A log was kept which was to disclose the time of such sweep along with the signature of the employee carrying out the same. The particular log for the subject store shows the first sweep of the CT Page 7358 store was carried out at 12:00 a.m. The previous sweep was conducted the previous evening according to the log. (Exhibit 3). The fall occurred in the late morning of March 21, 1994 so that a considerable period of time elapsed on the morning of March 21 before the floor was swept, contrary to their policy of conducting a complete sweep every three hours.
People on that particular day were allowed to carry with them during their shopping any drinks that they were given that morning thus making the probability of a spill more probable than on any ordinary shopping day.
The testimony of the plaintiff shows that the substance had been there for a considerable period of time. She testified that there were track marks and footprints throughout the liquid and that they appeared to be dirty; evidence of the fact that the liquid had been on the floor for a lengthy period of time.
From all of this the court finds itself obliged to draw the necessary inference that the condition existed for a sufficient period of time to give the defendant constructive notice of the existing conditions and a sufficient or reasonable period of time had elapsed for the defendant Stop Shop to have remedied it.
The defendant claims that the plaintiffs injuries were due to her own contributory negligence in that she failed to keep a proper lookout and failed to avoid the substance on the floor thus failing to exercise reasonable care.
While pursuing her shopping, the plaintiff's attention was drawn to special offerings posted on the freezer doors. This would of course have distracted her from observing any defective condition that might have existed relating to the floor. After all, it was the intention of the defendant to draw her attention to the specials that were posted on the freezer doors and away from any condition that may have existed. The defendant should not be relieved of any liability for its failure to remedy a defective condition within a reasonable period of time. The court finds no comparative negligence on the part of the plaintiff.
Having found the defendant liable for the injuries sustained by the plaintiff, the court now moves to the question of damages. As a result of this fall, Mrs. Dalton suffered a cervical strain as well as a strain of her left shoulder. She has suffered varying degrees of pain since the accident limiting her ability CT Page 7359 to carry out her ordinary household chores as well as her personal affairs. Her treating physician gives her a 30% disability of the left shoulder and recommends arthroscopic surgery to her shoulder to determine the possibility and extent of any tear of the rotator cuff. Should he find this to be so, then he recommends an immediate repair of the rotator cuff.
Testimony from the plaintiff elicited the fact that she felt that the prescribed physical therapy was not doing any good and that it in fact caused her a lot of pain. At one time she was discharged from therapy due to her failure to report for sessions.
With that in mind, the court finds for the plaintiff on the issue of economic damages both past and present the sum of $32,924.22.
"The measure of damages in this state for pain and suffering has long been fair, reasonable and just compensation. . . . This standard is employed because of the universal acknowledgment that a more specific or definitive one is impossible. . . . Indeed, certain terms, of whose meaning jurors already have some notion, are best left unexplained because almost all attempted explanations and valuations create more problems than they solve. . . . Jurors know the nature of pain, embarrassment and inconvenience, and they also know the nature of money. Their problem of equating the two to afford reasonable and just compensation calls for a high order of human judgment, and the law has provided no better yardstick for their guidance than their enlightened conscience. Their problem is not one of mathematical calculation but involves an exercise of their sound judgment of what is fair and right." Carchidi v. Rodinhiser,209 Conn. 526, 534 (internal citations and quotations omitted).
For non-economic damages, that is pain and suffering and the loss of life's enjoyments both past and future, the court finds in the amount of $50,000.00.
Total damages are awarded in the amount of $87,924.22.
Judgment may enter for the plaintiff in the above amount.
The Court
By CT Page 7360 Curran, J.